## Gammaitoni v. Gasparini Excavating Co. et al.

*Milton J. Kolansky*, for claimant.

*Patrick J. Flannery, Penrose Hertzler* and *Jenkins & Ligi*, for defendants.

HOBAN, P. J., December 30, 1954.—In these proceedings the referee made findings of fact upon which he gave an award to claimant; defendant appealed to the Workmen's Compensation Board, the board decided to remand the case to the referee, to appoint an impartial medical expert to review the testimony, the medical and hospital records and claimant himself and "who shall testify thereafter, subject to cross-examination, as to his opinion of the nature, cause and degree of claimant's disability and the relationship of the disability of [sic] the alleged accident of April 1, 1953".

It is from this decision defendant has appealed. The sole exception filed to the decision of the board is as follows:

"The Workmen's Compensation Board erred in not specifically ruling on the defendant's exception that the claimant failed to prove the occurrence of an accident."

In our opinion this appeal is premature and must be dismissed. The action of the board in remanding to secure further medical investigation into the facts is purely interlocutory, entirely within its prerogative and duty in conducting its investigation to ascertain all the facts pertinent to the case. See The Workmen's Compensation Act, as amended, sec. 420, 77 PS §831.

Obviously the board has not ruled on defendants' exception to the referee's conclusion. The board has not ruled on any question of fact or law, nor is it required to do so until it has completed its investigation and has

before it all the evidence which it believes it needs upon which to base definitive rulings. Only after the board has made such definitive rulings can the legal question then be put to this court whether the board's ultimate decision is founded on competent evidence and in accord with law.

As we gather from defendants' brief, their position seems to be that the board ought not to inquire further into medical facts until it first disposed of the question of accident. This contention assumes that the evidence of accident can be disassociated with the medical evidence of result, and that the evidence as to accident is closed.

There are two difficulties to that position, first, the procedural one that the evidence is not closed until the board says it is by stating its findings of fact and conclusions of law.

Second, as the board recognized in its opinion remanding, there is a class of cases in which the proof of effect may be the determining factor in the proof of accidental cause. See the analysis of Justice Stern in Parks v. Miller Printing Machine Co., 336 Pa. 455. See also Banks v. Brazee et al., 165 Pa. Superior Ct. 268. It was for the express purpose of gaining further evidence to determine whether claimant's injury was a normal development of a preexisting pathological condition or whether it was an unexpected and unusual pathological result occurring in the course of ordinary manual labor usual to the employe's work, that the board remanded for further investigation.

Considering the broad powers of investigation granted the board by the act, we see no error, procedural or substantive, in its decision to remand.

Now, December 30, 1954, defendants' appeal is dismissed and the record is remanded to the Workmen's Compensation Board for further proceedings in accordance with its decision of June 30, 1954.