Harris *v.* No. 1 Contracting Corporation of Delaware et al., Appellants.

Argued September 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Penrose Hertzler,* for appellants.

*Richard A. Kane,* with him *R. Lowery,* for appellee.

OPINION BY CERCONE, J., November 13, 1969:

This case is before us on appeal from a decision of the Common Pleas Court of Luzerne County reversing the Workmen's Compensation Board's decision to remand the case to the Referee.

On August 14, 1964 the claimant fractured his first and second ribs and fractured his seventh and eighth dorsal vertebrae by reason of a fall from a truck crane during the course of his employment. Claimant and

defendant entered into a compensation agreement on September 11, 1964 under the terms of which claimant was paid compensation of $47.50 weekly, beginning August 15, 1964. Claimant returned to work on March 10, 1965 and worked until June 21, 1965. Thereafter, he again received payments under the compensation agreement of $47.50 weekly from June 22, 1965 to July 29, 1965. The defendant then filed a Petition to Terminate, alleging that the claimant was able to return to work on July 30, 1965. The Referee, however, found claimant totally disabled and ordered compensation to continue at the rate of $47.50 per week beginning July 30, 1965.

On appeal, the Board stated: "Without more, we can conclude that this claimant is a nondescript and affirm the Referee's continuance of total disability. Nevertheless because of the alleged diminution of disability, coupled with the claimant's obvious ability to do some type of work, if free of heavy exertion, we think defendant ought to be afforded an opportunity to comply with the requirements of Petrone v. Moffat Coal Company, 427 Pa. 5. If claimant is able to do any kind of work, it ought to be specified. The actual opportunity to claimant for said work will determine the extent to which he is entitled to disability benefits, if any.

"Accordingly, the Referee's determination shall be vacated, and the case remanded for additional evidence, consistent with this opinion."

The claimant then appealed to the Court of Common Pleas of Luzerne County. That court reversed the action of the Workmen's Compensation Board and entered judgment for claimant. It said that "it would be inane to return the case for further hearing to determine whether light work of a general nature was in fact available, since the finding of the Referee, as affirmed by the Board, is that claimant is totally dis-

abled and not that he is able to perform light work of a general nature."

We must disagree with the action of the Common Pleas Court; it is our opinion that the case was properly remanded by the Board to the Referee for further evidence and therefore the appeal to the lower court and to this Court was improper, the remand order being interlocutory only.[1] Though the Board's statements in this case may appear contradictory, the important fact remains that it has not yet rendered any final judgment. Since the Board vacated the Referee's decree and sent the matter back for the taking of further evidence, we do not have before us any final determination of the Board; the Board may, after it receives the further evidence, conclude that the new evidence refutes the finding of total disability, or that claimant is not able to do any kind of work, so there will be no conflict with the finding of total disability. The case was still within the consideration of the Board

---

[1] As stated by the lower court in *Reid v. Poloron Products of Pennsylvania*, 58 Lackawanna Jurist 133 (1956): "It is clear beyond question that the Board's setting aside the referee's findings and conclusions and remanding the case for further proceedings was an interlocutory order. It was not an order finally adjudicating and disposing of the claim and the rights of the parties involved. The Workmen's Compensation Board was well within the sphere of its authority in remanding the case for further findings and in the appointment of an impartial medical expert. See Workmen's Compensation Act, section 423, 77 P.S. 854. There is nothing in the record to establish that the action was an abuse of discretion.

"An interlocutory order adjudicates only a preliminary point or a special question not affecting the ultimate rights or claims of the parties. Under our Workmen's Compensation Law such an order is not appealable. See Ciana v. Byllesby Engineering & Management Co., 122 Pa. Superior Ct. 156; Porto v. Philadelphia & Reading Coal & Iron Co., 124 Pa. Superior Ct. 431; Shemanchick v. M. & S. Coal Company, 167 Pa. Superior Ct. 350. It follows that the present appeal was improperly taken."

when the appeal to the lower court and then to this court was taken, and we believe that the Board was improperly barred from coming to its final conclusion.

The lower court, in reversing the remand, stated "Where the action of the remanding authority is based upon an erroneous application of law, as in this case, it is an appealable matter" and relies on *Barber v. Fleming-Raugh, Inc.*, 208 Pa. Superior Ct. 230 (1966). That case, however, is clearly distinguishable from the instant one for there the Common Pleas Court sought to remand the case to the Board to find facts in accordance with the court's opinion, which clearly is not allowable by law. This Court there stated: "The Court of Common Pleas does not have authority, in a workmen's compensation case, to remand a proceeding to the Board with instruction to find facts in accordance with the opinion of the court. Such an order is erroneous as a matter of law and appealable." Such a remand by the court is error for the reason, as indicated in *Messikomer v. Baldwin Locomotive Works*, 178 Pa. Superior Ct. 537 (1955), that the court cannot substitute its judgment as to the facts found by the Board. Contrast the limited reviewing power of the court with the Board's broad powers over the Referee, who is in fact the Board's agent. Sections 420 and 423 of the Pennsylvania Workmen's Compensation Act (Act of June 21, 1939, P. L. 520, as amended, 77 P.S. 831 and 854) provide: "Section 420. The board or a referee, if it or he deem it necessary, may, of its or his own motion, either before, during, or after any hearing, make an investigation of the facts set forth in the petition or answer. . . .

"Section 423. . . . In any such appeal (from a referee) the board may disregard the findings of fact of the referee, and may examine the testimony taken before such referee, and if it deem proper may hear other evidence, and may substitute for the findings of the

referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may, in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require." In *Shemanchick v. M. & S. Coal Co., Inc.*, 167 Pa. Superior Ct. 350, in commenting on the above statute, this court clearly stated: "Thus the powers of the board as to taking additional evidence are broader than those of the referee. Such additional testimony need not be taken by the board itself or any member thereof. The referee is the agent of the board and his findings are not made directly to the board but are filed with the bureau, and if unappealed from are the action of the board: Conley v. Allegheny County et al., 124 Pa. Superior Ct. 393, 188 A. 385; McCauley v. Imperial Woolen Company et al., 261 Pa. 312, 104 A. 617; Jordan v. Merchants Meat Company et al., 138 Pa. Superior Ct. 133, 10 A. 2d 72." Thus, the Board had the authority to investigate further into any aspect of the case, or it could, as it did in this case, delegate that task to its agent, the Referee. As stated in *Conley v. Allegheny Co.*, 124 Pa. Superior Ct. 303 (1936): "It was, therefore, clearly within the powers of the board to remand the case for that purpose, as a year had not elapsed since the last order was made. The referee is simply the board's agent; his award or disallowance of compensation, as the case may be, unappealed from, is the action of the board. If, in its judgment, justice requires a review of its own act, it can grant a rehearing, subject to legislative limitations: Manley v. Lycoming Motors Corp. et al., 83 Pa. Superior Ct. 173; Greeby v. Phila. Asbestos Co., 120 Pa. Superior Ct. 9, 181 A. 452." In *Gammaitoni v. Gasparini Excavating Co.*, 3 Pa. D. & C. 2d 760 (1954), the Board remanded the case to the Referee to review the evidence and the Common Pleas Court on appeal

therefrom affirmed the order of remand and dismissed the appeal, stating (at page 762) : "The evidence is not closed until the board says it is by stating its findings of fact and conclusions of law. . .

. . .

"Considering the broad powers of investigation granted to the board by the act, we see no error, procedural or substantive, in its decision to remand." We, therefore, hold that the order of remand was proper and while it was pending, the matter was still properly before the Board for determination. When the Board makes its final order in this matter it will not be bound by any prior decisions it may have made in the matter, just as it would not be bound by its prior action when this Court has properly remitted a case to it. This court stated in *Lipstok v. Haddock Mining Co.,* 156 Pa. Superior Ct. 644 (1945) : "We have recently made it clear that when a compensation case is returned to the board for determination of a basic question of fact it is fully open to be tried de novo. Dosen v. Union Collieries Co., 150 Pa. Superior Ct. 619, 622, 29 A. 2d 354. We there said (page 623) : 'The verdict of a jury on a second trial is never open to the objection that it is inconsistent or wholly at variance with the verdict in a previous trial of the same case. The analogy between a verdict of a jury and the conclusions of the fact finders in a compensation case have been recognized. Ford v. Dick Co., 288 Pa. 140, 135 A. 903; Healey v. Carey Baxter & Kennedy, Inc., 144 Pa. Superior Ct. 500, 19 A. 2d 852.' See, also, Roland v. Frantz et al., 156 Pa. Superior Ct. 640, 41 A. 2d 423.

"The cause of claimant's disability was a basic question of fact, and the compensation authorities upon remittitur properly considered the case de novo on that issue. They were not bound by prior findings. The cause and extent of disability were for them to determine unhampered by any previous findings in respect

thereto. See Section 427 of the Act of June 2, 1915, P. L. 736, as amended and reenacted, 77 PS §879.

"In Roland v. Frantz et al., supra, 156 Pa. Superior Ct. 640, at page 642, 643, 41 A. 2d 423, at page 424, we said: 'The board . . . was not bound by the action of the prior board any more than a court, when sitting as a fact-finding body, rehearing a case, is bound by the findings of a prior court, or a jury on a retrial is bound by the verdict of a former jury. Walsh v. Penn Anthracite Mining Co., 147 Pa. Superior Ct. 328, 334, 24 A. 2d 51; Icenhour v. Freedom Oil Works Co. et al., 136 Pa. Superior Ct. 318, 323, 7 A. 2d 152.' " When the Board in the instant case remanded the case to the Referee, its agent, the case was still within the Board's full control, subject to its final determination which might or might not have been consistent with its previous statement that "Without more, we can conclude that this claimant is a nondescript and affirm the Referee's continuance of total disability." We must await definitive action by the Board before we can hold the Board to have erred.

We, therefore, apply the general rule followed by this Court in *Shemanchick v. M. & S. Coal Co., Inc.*, supra, that a Board's order of remand to the Referee is not appealable, and conclude, as in that case, "In the present case the order of the board was interlocutory only and hence unappealable to the court of common pleas; and likewise interlocutory and unappealable to this court."

Judgment reversed.

MONTGOMERY, J., concurs in this result.