## United Metal Fabricators, Inc., et al. *v.* Zindash, et al.

Argued September 8, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Reargued February 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Edward J. Kuyat, Jr.,* with him *Ayers, Hager, Kuyat & Walker,* for appellants.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, March 16, 1973:

This is an appeal from an order of the Workmen's Compensation Appeal Board remanding the case to the Referee for the purpose of taking additional testimony. The Referee had denied compensation on the basis that no "accident" within the meaning of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, had occurred, and further that the injury alleged by claimant was the result of a pre-existing condition caused by an earlier injury.

In its opinion, the Appeal Board indicated that, upon remand, the Referee was to take further testimony

as to the relationship between the earlier injury and the injury now alleged by claimant, and that an impartial physician was to be appointed.

An order of the Board remanding a case to a Referee has been considered interlocutory and hence unappealable. *Harris v. No. 1 Contracting Corporation of Delaware, et al.,* 215 Pa. Superior Ct. 524, 258 A. 2d 663 (1969).

The Superior Court has also ruled, however, that an order of a Court of Common Pleas remanding a case to the Board could be reviewed and the lower court directed to decide the case on the merits. *Hale v. Metalweld, Inc. et al.,* 209 Pa. Superior Ct. 298, 228 A. 2d 217 (1967). The Superior Court there made an independent review of the record and deemed it sufficient for a final determination.

By the Act of February 8, 1972, P. L. (No. 12), this Court now receives appeals directly from the Workmen's Compensation Appeal Board without an initial determination by the Court of Common Pleas. Because of this abbreviated review now afforded Workmen's Compensation cases, we find the decision in *Hale* more appropriate for determining whether a remand order of the Board can be reviewed by this Court.

Thus, a close examination of the record leads us to conclude that not only was there sufficient evidence before the Board to permit a decision on the merits, indeed, no other conclusion could be supported but that of the Referee, and that no purpose except delay would be served by a rehearing before the Referee, especially when it was not sought by claimant. The facts here are quite different from *Besco v. General Woodcraft and Foundry, et al.,* 7 Pa. Commonwealth Ct. 32, 298 A. 2d 60 (1972), where we quashed the appeal and remanded for further proceeding. In that case, there had

been a petition for reargument which contained matters raising issues appropriate for a rehearing and the record could support a finding either way. As indicated, neither of these situations is true here.

So that it is clear why the Board's remand here must be set aside, we elaborate briefly upon the state of the record. The claimant testified on direct examination that as he was pushing a piece of equipment into position, he felt a twist in his back. He then said that he "might have slipped a little bit, you know." However, on cross-examination, this colloquy occurred: "Q. And, I think you said that as you pushed it in you felt a pain in your back, is that right? A. Yes. Q. Now, you did not fall, did you? A. No. Q. You, on direct examination, said you thought you slipped, now you didn't slip, did you? A. I can't say I did. Q. You cannot say you did slip? A. No. Q. Now, you were putting this into the machine in the normal routine manner that you used in the past to put dies into the machine, is that right? A. Yes."

The record is likewise conclusive as to the need for the appointment of an impartial medical expert. The *only* medical testimony is by the physician who treated the claimant, and who was called by the claimant. In the portion of his testimony describing the relationship between the prior injury and the injury now alleged by claimant, he states: "Q. Is it your opinion, doctor, that this lumbar disc lesion for which you performed this operation, removing the disc and making the spinal fusion, goes back to March of 1967? A. Yes, I would say. Q. The diagnosis that you made in 1967 was the lumbar disc lesion problem? A. Yes. Q. Is there any notation in your record of an accident occurring in 1968? A. No, I have no record of that, no."

Accordingly, we enter the following

### ORDER

AND Now, March 16, 1973, the order of the Workmen's Compensation Appeal Board, Docket No. A-64477, is reversed and compensation is hereby denied.