Riley Stoker Corporation and Liberty Mutual Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Willie Jeeter, Appellees.

Argued May 10, 1973, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Richard H. Scobell,* for appellants.

*Ted Grant Miller,* with him *Howard N. Plate* and *Plate, Doyle, Kroto & Hutzelman,* for appellee.

OPINION BY JUDGE BLATT, July 24, 1973:

Willie Jeeter (claimant) was employed by the Riley Stoker Corporation (employer). He suffered an injury while at work on May 7, 1971 and allegedly had two

periods of disability thereafter during which he missed work and incurred certain medical expenses. On October 27, 1971, he filed a Claim Petition pursuant to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq., and, after a hearing, a referee awarded him compensation for the first period of disability but not for the second. The mailing date of this award notification was April 18, 1972, and, on April 29, 1972, the claimant sent a letter to the *referee* asking for "a reconsideration or an appeal." It was not until August 3, 1972, however, that an appeal was actually filed with the Workmen's Compensation Appeal Board (Board). The employer sought to quash the appeal as being untimely, but the Board issued an order on November 15, 1972 remanding the case to the referee "to give the claimant one more opportunity to present evidence in support of his claim and to allow rebuttal by the defendant." The employer appealed the Board's remand order to this Court and the claimant has filed a motion to quash the appeal.

We shall deal initially with the timeliness of the claimant's appeal to the Board from the referee's award. Section 423 of the Workmen's Compensation Act, 77 P.S. §853, provides that a party in interest must appeal an order of a referee "within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him. . . ." Because the referee's award is deemed to have been served on the claimant on the date when mailed,[1] and the claimant here has not alleged that he failed to receive it or that there was any delay in its receipt, he had twenty days from April 18, 1972, to file his appeal. His filing of an appeal on August 3, 1972, therefore,

[1] Section 406 of the Workmen's Compensation Act, 77 P.S. §717.

was clearly untimely, being more than three months after the referee's award was served on him.

The courts of this Commonwealth have been very strict in applying the appeal period of Section 423 and have permitted appeals nunc pro tunc only where there is a showing of fraud, or its equivalent. "Where an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal nunc pro tunc, except when there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time. . . . The time of appeal cannot be enlarged in the absence of fraud, deception, coercion, or duress." *Yeager v. United Natural Gas Company,* 197 Pa. Superior Ct. 25, 28, 176 A. 2d 455, 456 (1961). *See Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863 (1918) ; *Tankin, Inc. v. Williams,* 2 Pa. Commonwealth Ct. 361, 277 A. 2d 835 (1971) ; *Powell v. Sonntag,* 159 Pa. Superior Ct. 354, 48 A. 2d 62 (1946). No such showing has been made here. The claimant's April 29, 1972 letter to the referee cannot be construed as having been a timely appeal for the notice served on the claimant along with the referee's award clearly stated that any appeal would have to be taken to the *Board* within 20 days of April 18, 1972. While we recognize that the claimant was then unrepresented by counsel, this at most establishes merely a situation of hardship, not one where he has been subjected to any fraud or the equivalent, which would justify granting an appeal nunc pro tunc. *Cf. Morgan v. Pittsburgh Business Properties, Inc.,* 198 Pa. Superior Ct. 254, 181 A. 2d 881 (1962).

The claimant urges that he was in fact asking for a rehearing, and that he could do this even after the appeal period had expired. We do not agree. The right of the Board to grant a rehearing before a referee is contained in Section 425 of the Workmen's Compensa-

tion Act, 77 P.S. §856,[2] which provides, *inter alia*: "If *on appeal* it appears that the referee's award or disallowance of compensation was capricious or caused by fraud, coercion, or other improper conduct by any party in interest, the board may . . . remand the case for rehearing to any referee." (Emphasis added.) Obviously a valid appeal to the Board is a prerequisite to its grant of a rehearing. "It is perfectly clear that a petition for a rehearing is not a substitute for an appeal. . . ." *Powell, supra,* 159 Pa. Superior Ct. at 356, 48 A. 2d at 63.

Nor can we sustain the claimant's motion to quash the employer's appeal on the basis that the order of the Board granting the rehearing was interlocutory. It is true, as we noted in *Besco v. General Woodcraft & Foundry,* 7 Pa. Commonwealth Ct. 32, 298 A. 2d 60 (1972), that in most instances an order of the Board granting a rehearing is interlocutory. We specifically stated in *Besco, supra,* however, that the facts therein were totally dissimilar from those in *Overmiller v. D. E. Horn & Co., Inc.,* 191 Pa. Superior Ct. 562, 159 A. 2d 245 (1960), wherein the Board had permitted the filing of a petition for rehearing pursuant to Section 426 of the Workmen's Compensation Act, 77 P.S. §871, well after the time limitation permitted by that section. The Superior Court in *Overmiller, supra,* stated: "It would not further the administration of justice to permit a board to reopen this case, have testimony taken before a referee, and probably then have the case argued before the board and again before the court below

---

[2] The applicable version of Section 425 is that as amended by the Act of February 8, 1972, P. L.    , No. 12, which became effective prior to the date the referee's decision was served on the claimant; as a procedural measure it is applicable here. *Cf. Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). Our result would not differ, however, even if we applied the wording of the Section as it was prior to the 1972 amendment.

and this Court, when it is clear to us now that the board has no right to set in motion such procedure. The board has no jurisdiction to entertain the petition and everything which would be done under it would be 'utterly void and of no effect.'" 191 Pa. Superior Ct. at 573, 159 A. 2d at 250.

We find *Overmiller, supra,* to be persuasive as to the case at hand. Clearly, the claimant's appeal to the Board here was improper, and, if we permitted the Board's remand order to stand, it would not be in the interest of the proper administration of justice. Lengthy proceedings could result following the remand, yet "everything which would be done under it would be 'utterly void and of no effect.'" For that reason, we will not quash the appeal.

For the above reasons, therefore, we issue the following

### ORDER

Now, July 24, 1973, the appellee-claimant's motion to quash this appeal is hereby denied, and the order of the Workmen's Compensation Appeals Board remanding the case to the referee is vacated. The claimant's appeal to the Board is hereby quashed for a lack of timeliness.