Royal Pioneer Ind., Inc. and Pennsylvania Manufacturers' Association Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Luciani J. Battistone, Appellees.

Argued September 12, 1973, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John F. McElvenny,* for appellants.

*John J. D'Angelo,* with him *Bank & Minehart,* for appellees.

OPINION BY JUDGE BLATT, October 10, 1973:

Luciani J. Battistone (claimant) was employed by Royal Pioneer Industries, Inc. (employer) as a stock booster when, during the week of February 22, 1970, he allegedly suffered an accident while in the course of his employment. The claimant testified that he was moving a skid, his usual work, when something happened to his back and he could not straighten up. When he later consulted a physician, his problem was diagnosed as a sacro-lumbar strain.

The claimant sought workmen's compensation benefits, but, following a hearing, benefits were denied by a referee who found as a fact that: "2. No incident or event occurred to the claimant on February 22, 1970, nor at any other time during his working hours with the defendant, upon which an accidental injury, within the meaning of the Pennsylvania Workmen's Act, can be predicated." On appeal, the Workmen's Compensation Appeal Board (Board) vacated the findings of fact, conclusions of law and the order of the referee and remanded the case to the referee for the purpose of taking additional medical testimony from the claimant. The claimant had requested a remand in order that he might present additional evidence on the issue of the occurrence of an accident, but no specific request was made to the Board for a remand to take additional medical testimony.

Generally, an order of the Board remanding a case to a referee for taking additional testimony is interlocutory and an appeal therefrom is premature. *Harris v. No. 1 Contracting Corporation of Delaware,* 215 Pa. Superior Ct. 524, 258 A. 2d 663 (1969) ; *Shemanchick v.*

*M. & S. Coal Company, Inc.,* 167 Pa. Superior Ct. 350, 74 A. 2d 764 (1950). The basis for such a holding is that, in remanding a case, the Board has not yet reached a final decision and a reviewing court should hesitate to act before the administrative process has been completed.

There are, however, exceptions to this general rule. In *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973), we noted that, when the evidence before the Board is sufficient for it to make a decision on the merits, and where that evidence permits only one possible result, then an appeal is properly before this Court. Likewise, in *Riley Stoker Corporation v. Workmen's Compensation Appeal Board and Jeeter,* 9 Pa. Commonwealth Ct. 533, 308 A. 2d 205 (1973), the Board remanded a case to the referee, where the case had been untimely filed. We recognized there that to permit the action to continue when it must eventually be quashed for untimeliness would not have been in the best interests of the proper administration of justice.

Under Section 419 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §852, of course, the Board has the authority to "remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order." In addition, Section 423 of the Act, 77 P.S. §854, empowers the Board to hear additional evidence if it deems proper.

A review of the record here convinces us that this case cannot be disposed of as were *Zindash, supra* and *Jeeter, supra,* because a remand here is not clearly and undeniably in error. There is no glaring procedural error as in *Jeeter, supra,* and the record would not support a holding that a remand would be useless because

the evidence permits only one possible result. The sole medical witness heard by the referee in this case testified that the claimant had a degenerative back disease, but he certainly did not make it totally clear whether or not this disease was existent at the time the claimant suffered his alleged injury or if it did in fact play any part in the causation of such injury. In all candor, the evidence presented appears to indicate that the sole basis for establishing that the claimant suffered an accident would be through the unusual pathological result doctrine. Certainly it would not be impossible to reach such a result on the current state of the record, nor would it be impossible that additional medical testimony would shed some more light on the issue. Thus a remand would not seem to be a blatantly incorrect action in this case.

It must be emphasized that we are not here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. These are issues which either party can raise in future proceedings. We merely hold that the circumstances presented in this case are not so extraordinary as they were in *Zindash, supra,* and *Jeeter, supra,* and so do not persuade us to consider the appeal from what is clearly an interlocutory order. We must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under very unusual circumstances.

For the above reasons, therefore, we issue the following

### ORDER

Now, October 10, 1973, the appeal of Royal Pioneer Industries, Inc., is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.