Screw & Bolt Division of Modulus and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Michael Hruneni, Appellees.

Argued December 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*H. Reginald Belden, Jr.,* with him *Stewart, Belden, Sensenich and Herrington,* for appellants.

*Richard A. Ferris,* with him *Martino, Ferris and Zoffer,* for appellee.

OPINION BY JUDGE BLATT, March 5, 1974:

Michael Hruneni (claimant) suffered an accident on September 15, 1969, while employed by the Screw & Bolt Division of Modulus (employer), and was unable to work from that day until November 10, 1969. The claimant was then able to return to work until March 2, 1970, when the disability recurred, and he has not since returned to work. During the periods when he

was unable to work, the claimant received workmen's compensation benefits at the rate of $60.00 per week as the result of an agreement with the employer. On September 11, 1970 the employer filed a termination petition, alleging that the disability of the claimant had terminated as of August 4, 1970.

Hearings were held before a referee and each side presented medical testimony as to the claimant's disability and the cause thereof. The referee determined that the claimant was no longer disabled as a result of the accident he had suffered and his benefits were terminated. On appeal, the Workmen's Compensation Appeal Board (Board) vacated the order of the referee and remanded the case to the referee for the purpose of hearing testimony from an impartial expert. The employer appealed to this Court from that order.

It is generally true that an order of the Board remanding a case to a referee for taking additional testimony is interlocutory and an appeal therefrom is premature. *Harris v. No. 1 Contracting Corporation of Delaware,* 215 Pa. Superior Ct. 524, 258 A. 2d 663 (1969) ; *Shemanchick v. M&S Coal Company, Inc.,* 167 Pa. Superior Ct. 350, 74 A. 2d 764 (1950). The employer argues, however, that this case is similar to *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973), wherein we noted that when the evidence before the Board is sufficient for it to make a decision on the merits, and where the evidence permits only one possible result, then an appeal from a remand order is properly before this Court. We cannot agree.

Pursuant to Section 419 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §852, the Board may remand any case involving any question of fact to a referee to hear evidence. In this case there has been testimony by two physicians, each differing on the extent of and the cause

of the claimant's disability. In view of this conflict in testimony, we cannot hold that a remand for testimony by an impartial medical witness would be so useless as to render the remand clearly futile.

We adopt the following from *Royal Pioneer Industries, Inc. v. Workmen's Compensation Appeal Board and Battistone,* 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973), a case very similar to the instant one: "It must be emphasized that we are not here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. These are issues which either party can raise in future proceedings. We merely hold that the circumstances presented in this case are not so extraordinary as they were in Zindash, supra, and Jeeter,[1] supra, and so do not persuade us to consider the appeal from what is clearly an interlocutory order. We must be cautious in shortcutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under very unusual circumstances." 11 Pa. Commonwealth Ct. at 135, 309 A. 2d at 833.

For the above reasons, therefore, we issue the following

### ORDER

Now, March 5, 1974, the appeal of the Screw & Bolt Division of Modulus is quashed and the record is remanded to the Workmen's Compensation Appeal Board.

---

[1] *Riley Stoker Corporation v. Workmen's Compensation Appeal Board and Jeeter,* 9 Pa. Commonwealth Ct. 533, 308 A. 2d 205 (1973).