Chambers Brothers Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and James Lynagh, Appellees.

Argued June 6, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Howard M. Ellner,* with him *John F. McElvenny* and *Henry F. Furman,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, July 31, 1974:

This is an appeal by Chambers Brothers Company (Chambers) from an order of the Workmen's Compensation Appeal Board (Board) remanding the case to a referee for the purpose of having the claimant examined by a designated impartial physician.

The claimant, James Lynagh (Lynagh), had been employed by Chambers for 32 years before being terminated in December of 1966 when Chambers ceased doing business. In May of 1963 and in March of 1966

Lynagh had suffered accidents for which he received compensation benefits pursuant to agreements with Chambers. In regard to the first accident, compensation had been suspended on December 9, 1964, pursuant to a subsequent agreement between the parties. Compensation for the second accident was terminated on August 18, 1966, at which time Lynagh signed a final settlement receipt and returned to work until his termination in December of 1966.

On February 26, 1968, Lynagh filed two petitions with the Bureau of Workmen's Compensation, asking for a reinstatement of the compensation agreement for the first accident and a setting aside of the final receipt terminating compensation for the second accident. These petitions were consolidated for hearing before a referee. After several hearings before different referees, Lynagh's petitions were dismissed as a result of a referee's determination that they did not meet the requirements of the appropriate sections of The Pennsylvania Workmen's Compensation Act.[1]

Lynagh appealed to the Board, and the Board subsequently vacated the findings, conclusions and order of the referee and remanded the record to the referee for an examination of Lynagh by a designated impartial physician.[2] Chambers then appealed the Board's remand order to this Court.

It is generally true that an order of the Board remanding a case to a referee for taking additional testimony is interlocutory and an appeal therefrom is premature. *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 380, 316 A. 2d 151 (1974), and *Royal Pio-*

---

[1] Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq.

[2] Under Section 419 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §852, the Board has the authority to remand any case involving any question of fact to a referee to hear evidence.

*neer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973). As is the case with most general rules, the above rule does have its exceptions. These exceptions were enunciated in *Royal Pioneer* as follows: "There are, however, exceptions to this general rule. In United Metal Fabricators, Inc. v. Zindash, 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973), we noted that, when the evidence before the Board is sufficient for it to make a decision on the merits, and where that evidence permits only one possible result, then an appeal is properly before this Court. Likewise, in Riley Stoker Corporation v. Workmen's Compensation Appeal Board and Jeeter, 9 Pa. Commonwealth Ct. 533, 308 A. 2d 205 (1973), the Board remanded a case to the referee, where the case had been untimely filed. We recognized there that to permit the action to continue when it must eventually be quashed for untimeliness would not have been in the best interests of the proper administration of justice." 11 Pa. Commonwealth Ct. at 134, 309 A. 2d at 832. After a careful review of the record, we are convinced that this case comes under the general rule and not the exceptions.

Chambers argues that this case does come under the exception used in *Zindash.* We do not agree.

In the present case the record does not indicate that a remand would be useless because the evidence permits only one possible result as was the case in *Zindash.* In fact, this case is strikingly similar to *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board, supra,* in which just the opposite was found to be true.

The crucial issue in this case was whether or not Lynagh was still disabled as a result of his accidents. There was a conflict of testimony on this point and, since the question is a medical one, a remand for the purpose of having Lynagh examined by an impartial

physician would help resolve the conflict. The following language from *Modulus* is equally applicable here: "In this case there has been testimony by two physicians, each differing on the extent of and the cause of the claimant's disability. In view of this conflict in testimony, we cannot hold that a remand for testimony by an impartial medical witness would be so useless as to render the remand clearly futile." 12 Pa. Commonwealth Ct. at 382-83, 316 A. 2d at 152.

In closing, we quote from the learned opinion of Judge BLATT in *Royal Pioneer*: "It must be emphasized that we are not here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. These are issues which either party can raise in future proceedings. We merely hold that the circumstances presented in this case are not so extraordinary as they were in Zindash, supra, and Jeeter, supra, and so do not persuade us to consider the appeal from what is clearly an interlocutory order. We must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under very unusual circumstances." 11 Pa. Commonwealth Ct. at 135, 309 A. 2d at 833.

We therefore issue the following

#### ORDER

AND Now, this 31st day of July, 1974, the appeal of Chambers Brothers Company is quashed, and the record is remanded to the Workmen's Compensation Appeal Board.