Workmen's Compensation Appeal Board and LeRoy C. Stack, Appellees, *v.* E-C Apparatus Corp. and Bituminous Casualty Corp., Insurance Carrier, Appellants.

Argued February 6, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Lowell A. Reed, Jr.,* with him *Rawle & Henderson,* and, of counsel, *William G. Adamson,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, July 3, 1975:

This case involves a workmen's compensation claim filed by LeRoy C. Stack (claimant) on July 14, 1965 alleging an injury to his right ankle suffered on March 10, 1965 in an accident while he was working for E-C Apparatus Corp. (employer). After conducting a hearing, Referee Citman awarded benefits. Unfortunately, however, while this decision was on appeal to the Workmen's Compensation Appeal Board (Board), the transcript of that hearing was somehow lost. The Board,

therefore, remanded the record to another referee on September 6, 1968 to conduct another hearing. Subsequently, on December 26, 1973, Referee Stander, after holding more hearings, issued extensive findings of fact and concluded that the claimant was not entitled to benefits. The claimant appealed to the Board which then ordered that the case be remanded again to a referee for the appointment of an impartial physician. The Board also ordered the referee to make new findings of fact and conclusions of law if he should deem it necessary. The employer has appealed that order to this Court.

The employer presents before us some very persuasive arguments as to the limited authority of the Board to remand to a referee for the determination of a factual issue. In *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), we have very recently construed the Workmen's Compensation Act[1] so as to authorize such a remand only where the referee's findings are not supported by competent evidence or where the referee has failed to make a finding on a crucial issue necessary for the proper application of the law. In light of our holding in *Forbes,* the Board's remand order in this case was of dubious validity.

Nevertheless, an order of the Board remanding a case to a referee for taking additional testimony is interlocutory and an appeal therefrom is generally premature. *Harris v. No. 1 Contracting Corporation of Delaware,* 215 Pa. Superior Ct. 524, 258 A. 2d 663 (1969). In *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 380, 316 A. 2d 151 (1974) and also in *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973) we quashed appeals which

---

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* Section 101 et seq., 77 P.S. §1 et seq.

were taken from similar remand orders of the Board. In these cases, however, we expressly declined to decide whether or not the remand order was proper. Instead we merely emphasized that we must be cautious in shortcutting the administrative process and that appeals from the interlocutory orders of administrative bodies should be allowed only under very unusual circumstances. We have thus far entertained appeals from remand orders of the board in only two cases: *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973) and *Riley Stoker Corporation v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A. 2d 205 (1973), and in *Royal Pioneer, supra,* we discussed the distinguishing features respectively involved in those two cases. The case presently before us involves neither of these exceptions, and we see no reason, therefore, for considering this case on its merits.

Indeed, as the employer asserts, in cases where the remand has been improper, there will be unfortunate delay occasioned by a rehearing which, as it turns out, will have been futile. Nevertheless we believe that the rule against appealing interlocutory orders is sound. When the Board has acted properly in remanding, the quashing of an appeal from such an order would avoid the delay which might result from our consideration of whether or not the remand was proper. Because we would expect that the Board will have acted properly in most cases, delay will be generally avoided if we quash interlocutory appeals such as this one.

We, therefore, issue the following

### ORDER

Now, this 3rd day of July, 1975, the appeal of E-C Apparatus Corp. is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.