Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania, Joseph A. Colabella, doing business as Coronet Trading Co. and Sorrento Italian Imports *v.* Charles D. Phillips, Appellant.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Robert A. Freedberg,* for appellant.

*Fredric C. Jacobs,* with him *James N. Diefenderfer,* for appellee.

Opinion by Judge Kramer, August 1, 1975:

This is an appeal by Charles D. Phillips from an order of the Workmen's Compensation Appeal Board, dated October 17, 1974, which remanded Phillips' case to the referee for additional findings of fact relative to whether Phillips was injured in the regular course of his employer's business. Phillips' employer, Joseph A. Colabella, has moved to quash the appeal on the ground that the remand order is interlocutory and thus unappealable. We must grant Colabella's motion.

The general rule is that an order of the Board remanding a case to a referee is interlocutory and that an appeal therefrom is premature and should be quashed. *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 380, 316 A.2d 151 (1974); *Royal Pioneer Ind., Inc. v. Workmens' Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973); *Riley Stoker Corporation v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973); *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). The reason for this rule was most recently summarized by Judge Blatt in *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.,* 20 Pa. Commonwealth Ct. 128, 131, 339 A.2d 899, 901 (1975).

> "Nevertheless we believe that the rule against appealing interlocutory orders is sound. When the Board has acted properly in remanding, the quashing of an appeal from such an order would avoid the delay which might result from our consideration of whether or not the remand was proper."

In two cases we have entertained appeals from what appeared to be interlocutory orders. *Riley Stoker, supra,*

and *United Metal Fabricators, supra.* The thrust of *Riley Stoker* and *United Metal Fabricators* is that a remand to the Board must be "clearly and undeniably in error" before we will consider such an order appealable. *Royal Pioneer, supra.* In his brief Phillips describes the remand order in the instant case as "inappropriate" in light of a presently existing record "sufficient to permit a decision on the merits."[1] This may or may not be an accurate characterization of the remand order, but it does not bring the instant case within the ambit of *Riley Stoker, supra,* or *United Metal Fabricators, supra.*

The authority of the Board to remand for more precise findings of fact is established by section 419 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §852 (Supp. 1975-1976). The Board may not remand to effect a usurpation of the referee's role as fact finder, but such is not the instant case. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). *See also Workmen's Compensation Appeal Board v. Borough of Ferndale,* 20 Pa. Commonwealth Ct. 269, 342 A.2d 146 (1975) and *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal*

---

1. In *Royal Pioneer, supra,* we stated, with regard to the scope of our decision that:

"It must be emphasized that we are not here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. These are issues which either party can raise in future proceedings. We merely hold that the circumstances presented in this case are not so extraordinary as they were in Zindash, supra, and Jeeter, supra, and so do not persuade us to consider the appeal from what is clearly an interlocutory order. We must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, they should be allowed only under very unusual circumstances." 11 Pa. Commonwealth Ct. at 135, 309 A. 2d at 831.

*Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). Indeed, as a matter of procedure, we encourage the Board to vigorously pursue its statutorily-mandated function in reviewing referees' adjudications, within the bounds of *Universal Cyclops* and its progeny. Such efforts will ultimately result in fewer appeals and more expeditious decision-making.

Ironically, and regretfully, our disposition of the instant case will postpone a final resolution of Phillips' entitlement to benefits. The accident in question occurred on August 6, 1971, and this matter has been remanded to the referee twice. We are sympathetic to the plight of the claimant who must suffer such delay, but we would be remiss in our duty if we did not follow a rule which, in its general application, works to the benefit of both litigants and decision-makers. Accordingly, we

ORDER

AND NOW, this 1st day of August, 1975, the appeal of Charles D. Phillips in the above-captioned matter is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.