Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and David Carey *v.* Wallace Murray Corporation and Liberty Mutual Insurance Company, Appellants.

122

Argued March 4, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Stephen J. Schofield,* with him *Joseph R. Thompson,* for appellants.

*Anthony J. Piazza,* with him *Joseph Cimino, John R. Lenahan, Joseph A. Murphy, Lenahan, Dempsey & Murphy,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, March 18, 1976:

Before this Court is an appeal from an order of the Workmen's Compensation Appeal Board (Board) which remanded a case to a referee for the purpose of taking additional testimony. We are compelled to quash the appeal.

On August 25, 1972, appellants unilaterally terminated partial disability compensation payments they had been making to claimant-appellee pursuant to a supplemental compensation agreement executed in October, 1970.[1] One year later, on August 30, 1973, appellant corporation filed with the Board a petition to review the agreement alleging that the average weekly wage rate, upon which the partial disability payments were based, was miscalculated. An answer to the petition was filed by claimant-appellee in which he alleged that payments under the agreement had been improperly terminated by appellants, that penalties for such termination should be assessed against appellants, and that he was totally disabled.

A hearing was held by a referee who subsequently entered a decision finding that the weekly wage rate was not erroneously computed and that claimant-appellee became totally disabled on May 1, 1973. The referee ordered that compensation be paid claimant-appellee on a partial disability basis from August 26, 1972, to April 30, 1973, and on a total disability basis beginning May 1, 1973. The award of the referee is silent on whether penalties should be assessed against appellants.

Appellants appealed to the Board challenging the referee's award of total disability compensation. Claimant-appellee did not appeal the failure of the referee to consider the penalty issue. The Board held that the referee erred in awarding total disability benefits since

---

1. The supplemental agreement modified a prior compensation agreement executed in October, 1969, under which claimant-appellee was paid total disability benefits covering a period beginning October 18, 1969, and ending June 12, 1970, for burns he sustained of the face, chest, hairline, eyes and upper right arm on October 17, 1969, while employed by appellant corporation. The supplemental agreement provided for the payment of partial disability compensation for a period beginning June 13, 1970

claimant-appellee was totally disabled due to causes unrelated to his original injury. However, the Board stated, on a review of the record, that claimant-appellee's physical condition had improved sometime between May 1, 1973, and April 2, 1974, thus allowing him to perform light work of a general nature. Consequently, the Board remanded the case to the referee to take additional testimony and make determinations regarding (1) when claimant-appellee was able to perform light work, and (2) whether penalties should be assessed against appellants pursuant to Section 413(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774.1.[2]

Appellants are now before this Court contending that the Board erred in remanding the case to the referee on the penalty issue. They assert that since claimant-appellee did not appeal the failure of the referee to make determinations regarding the assessment of penalties against them, that issue was not properly preserved for review before the Board. They further assert that since its provisions were not in existence at the time of claimant-appellee's compensable injury, Section 413(b) is not applicable to the instant case.[3] However, appellants do not

---

2. Section 413(b) provides:

"Any insurer who suspends, terminates or decreases payments of compensation without submitting an agreement or supplemental agreement therefor as provided in section 408, or a final receipt as provided in section 434, or without filing a petition and either alleging that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of a petition or having requested and been granted a supersedeas as provided in this section, shall be subject to penalty as provided in section 435."

3. Section 413(b) was added to The Pennsylvania Workmen's Compensation Act by the Act of February 8, 1972, P.L. 25. It be-

question the remand order for purposes of ascertaining the time when claimant-appellee was able to perform light work.

Claimant-appellee has filed a motion to quash the instant appeal, arguing that it is from an interlocutory order and is, therefore, premature. We agree. Consequently, we need not decide the merits of appellants' assertions.

It is well established that an order of the Board remanding a case to a referee for the taking of additional evidence is interlocutory, and that an appeal therefrom is generally premature. *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975). Appellants, however, relying on *Riley Stoker Corp., v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), urge that this case is an exception to the foregoing rule on the basis that Board jurisdiction over the penalty issue was prevented by the omission of claimant-appellee to appeal the failure of the referee to consider whether penalties should be assessed.

In *Riley Stoker,* we refused to quash an appeal from a Board order, which remanded a case to a referee for a rehearing, where the claimant therein failed to file a timely appeal with the Board from a referee's decision. We reasoned that the untimely appeal prevented Board jurisdiction from attaching to the case thereby rendering " *'everything* which would be done under it [the remand order] . . . "utterly void and of no effect" ' " and, thus,

---

came effective 60 days thereafter since the Act of February 8, 1972, P.L. 25, did not contain a specific effective date. Section 1701(a)(5) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1701(a)(5). Claimant-appellee's compensable injury occurred on October 17, 1969. However, appellants unilaterally terminated benefit payments on August 25, 1972.

contrary to the proper administration of justice. *Id.* 9 Pa. Commonwealth Ct. at 538, 308 A.2d at 207. (Emphasis added.) The present case is distinguishable. Assuming that we were to hold that the Board lacked jurisdiction to remand on the penalty issue, it is undisputed that a rehearing would nevertheless be held by the referee to determine when claimant-appellee was able to perform light work. Consequently, *everything* done pursuant to the remand order would not be futile as was the situation in *Riley Stoker*. As claimant-appellee correctly states in his brief:

> "An allowance of an appeal here would still necessitate further administrative action and result in bifurcation of the determination of the several legal issues involved. The result would be two separate appeals of the same case which besides being time consuming and costly would necessitate the Court to act before the administrative process has been completed."

We are persuaded that the proper administration of justice would be better served by refusing to decide the merits of this appeal, thus reemphasizing our reluctance to shortcut the administrative process. *See Workmen's Compensation Appeal Board v. Calder Manufacturing Co.,* 21 Pa. Commonwealth Ct. 528, 346 A.2d 834 (1975); *Workmen's Compensation Appeal Board v. E-C Apparatus Corp., supra.*

Accordingly, we enter the following

### ORDER

Now, March 18, 1976, the appeal of Wallace Murray Corporation and Liberty Mutual Insurance Company is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.