Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Darlene Frederick, w/o John v. Burke-Parsons Bowlby Corporation and U. S. Fidelity & Guaranty Co., Insurance Carrier, Appellants.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Raymond F. Keisling*, with him *Will and Keisling*, for appellants.

*Paul J. Quattrone*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE BLATT, July 15, 1976:

Darlene Frederick (claimant) filed a petition on January 7, 1974 claiming workmen's compensation benefits due to the death of her husband, John Frederick, who suffered a work-related injury on July 13, 1972 while within the course of his employment for the Burke-Parsons Bowlby Corp. (employer). She claimed that this injury caused her husband to suffer a black-out on October 3, 1972, which resulted in a fatal automobile accident on that date. The referee, on March 4, 1975, awarded benefits to the claimant and made the following finding of fact:

"6. As a result of injury of 7/13/72, claimant suffered symptoms, including periodic 'black-outs,' of a 'post concussion syndrome.' This diagnosis having been given by the Pathologist who performed an autopsy and who testified that this fatal automobile accident could have been precipitated by the injury of 7/13/72."

The employer and its insurer, the U. S. Fidelity & Guaranty Co., appealed to the Workmen's Compensation Appeal Board (Board) which, on August 28, 1975, set aside the award and remanded the case to the referee for more definitive findings of fact "as to what part the accident of July 13, 1972 played in the fatal injury of October 3, 1972."[1] The employer has appealed.

We have said that pursuant to Section 419 of The Workmen's Compensation Act,[2] the Board may re-

---

[1] We note that work-related injuries which cause subsequent nonwork-related injuries are compensable under the workmen's compensation law. *See Parks v. Winkler*, 199 Pa. Superior Ct. 224, 184 A.2d 124 (1962) ; *Gower v. Mackes*, 184 Pa. Superior Ct. 41, 132 A.2d 880 (1957) ; *Friel v. Sun Shipbuilding & Drydock Co.*, 174 Pa. Superior Ct. 320, 101 A.2d 171 (1953) ; *McAvoy v. Roberts & Mander Stove Co.*, 173 Pa. Superior Ct. 516, 98 A.2d 231 (1953).

[2] Section 419 of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §852, provides that "[t]he board may remand any case in-

mand a case to a referee when the referee has failed to make a finding on a crucial issue necessary for the proper application of the law[3] and that, where the Board determines that the findings of fact are so inadequate that proper review is impossible, a remand to the referee is the proper procedure.[4]

However, in *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 130, 339 A.2d 899, 900 (1975), we held that "an order of the Board remanding a case to a referee for taking additional testimony is interlocutory and an appeal therefrom is generally premature." And in *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 134, 309 A.2d 831, 832 (1973), we said that "[t]he basis for such a holding is that, in remanding a case, the Board has not yet reached a final decision and a reviewing court should hesitate to act before the administrative process has been completed."

The appeal must be quashed.[5] *E-C Apparatus, supra.* We, therefore, issue the following

---

volving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order. The department may refer any question of fact arising out of any petition assigned to a referee, to any other referee to hear evidence, and report the testimony so taken thereon to the original referee."

[3] *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 358-359, 336 A.2d 440, 444-445 (1975).

[4] *Commercial Laundry, Inc. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 297, 303, 331 A.2d 230, 234 (1975).

[5] We have entertained previously two appeals from remand orders, neither of which controls here. This case is unlike *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973) because the evidence here permits more than one possible result and we distinguish *Riley Stoker Corporation v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533,

ORDER

AND, Now, this 15th day of July, 1976, the appeal of Burke-Parsons Bowlby Corporation and the U. S. Fidelity & Guaranty Company is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.

308 A.2d 205 (1973) on the basis that here there is no glaring procedural error and the claim petition was not clearly filed untimely. *Royal Pioneer Ind., Inc., supra.*