Louis Norato and Workmen's Compensation Appeal Board *v.* Tasty Cake Baking Company and P.M.A.I.C., Appellants.

Argued October 7, 1976, before President Judge Bowman and Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of three.

*Michael P. McKenna,* with him *Howard M. Ellner* and *John F. McElvenny,* for appellants.

*Tod I. Mammuth,* with him *Monheit and Mammuth,* and *James N. Diefenderfer,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 3, 1976:

Louis Norato (Claimant) filed a claim petition on December 13, 1972, claiming workmen's compensation benefits for a back injury, allegedly suffered in a fall on June 1, 1971, while in the employ of Tasty Cake Baking Company. The referee found that Claimant's disability was unrelated to the June 1, 1971 fall, but rather, to a long-standing back ailment dating back to the year 1957.

Claimant appealed to the Workmen's Compensation Appeal Board (Board). The Board, citing *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.,* 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975), pointed to a conflict in the medical testimony and remanded for the purpose of taking testimony from an impartial physician. The Board further ordered a different referee be assigned to the proceedings. This appeal followed. Because we hold that this appeal is premature and must be quashed, it is unnecessary to further belabor the facts.

This is but another in a long line of cases involving appeals to this Court from remand orders of the Board. In *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), we entertained an appeal and reversed the remand order because the record contained sufficient evidence to permit a decision on the merits by the Board, and because no other conclusion could be supported but that of the referee. Thus in *Zindash, supra,* no purpose other than delay could have been served by a rehearing. In *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), we vacated a remand order because

the appeal to the Board was untimely and any action taken pursuant to the order of the Board would have been null and void. *See also Dinges Transfer v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 468, 326 A.2d 668 (1974).

*Zindash, supra,* and *Riley Stoker, supra,* represent the only exceptions recognized by this Court to the rule that remand orders are interlocutory and unappealable. *Workmen's Compensation Appeal Board v. Burke-Parsons Bowlby Corp.,* 25 Pa. Commonwealth Ct. 498, 359 A.2d 855 (1976); *Workmen's Compensation Appeal Board v. E-C Apparatus Corp., supra; Shipp v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 424, 326 A.2d 663 (1974).

We have, instead, adhered to the rule of unappealability and have repeatedly quashed appeals from remand orders of the Board. Our opinions have, in fact, repeatedly emphasized that we would not, at this early stage of the proceedings, decide the merits of a remand order. *Burke-Parsons Bowlby Corp., supra; E-C Apparatus, supra; Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 380, 316 A.2d 151 (1974); *Royal Pioneer Industries, Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). This is so because where the Board has yet to reach a final decision, the administrative process is still on-going.

We must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under *very unusual circumstances.*

*Royal Pioneer, supra,* 11 Pa. Commonwealth Ct. at 135, 309 A.2d at 833. (Emphasis added.)

Counsel have failed to point to, and we have been unable to find the extraordinary circumstances in this

case which are necessary to invoke either *Zindash, supra,* or *Riley Stoker, supra.* "[W]e would be remiss in our duty if we did not follow a rule which, in its general application, works to the benefit of both litigants and decision makers." *Workmen's Compensation Appeal Board v. Phillips,* 20 Pa. Commonwealth Ct. 598, 601, 342 A.2d 495, 497 (1975).

ORDER

Now, December 3, 1976, the appeal of Tasty Cake Baking Company is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.