Mathies Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Alvin Peternel, Respondents.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Daniel L. Fassio*, with him *Andrew Rose*, and *Rose, Schmidt, Dixon, Hasley & Whyte*, for petitioner.

*Benjamin L. Costello*, for appellee.

OPINION BY JUDGE CRAIG, April 9, 1979:

Mathies Coal Company appeals an order of the Workmen's Compensation Appeal Board (Board), which, after concluding that the referee had capriciously disregarded competent evidence in claimant's favor, remanded the case to the referee with instructions to determine the degree of claimant's disability, calculate compensation and award interest, if any.

The referee had previously considered reports by two physicians, Drs. Anderson and Overly, and a deposition by Dr. Krouse. All three physicians found evidence of severe pulmonary restriction. Dr. Krouse, at all times, said that his x-rays showed the presence of pneumoconiosis. His only equivocation was as to the extent of the disability. The other two doctors either did not flatly rule out the presence of coalworker's pneumoconiosis or did not dismiss any relationship between coal mining and claimant's pulmonary disabilities. The referee denied compensation.

The record thus shows that a conclusion other than that which the referee reached could be supported by the record; therefore, this case is not, as appellants argue, within the *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973) exception to the general rule that remand orders from the Board are interlocutory and not ap-

pealable. *See, Gilroy v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 152, 377 A. 2d 1302 (1977); *Norato v. Tasty Cake Baking Co.*, 27 Pa. Commonwealth Ct. 309, 366 A.2d 1290 (1976); *Royal Pioneer Industries, Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973).

Because none of the other narrow exceptions to the general rule are present, we will quash this appeal.

#### ORDER

AND Now, this 9th day of April, 1979, it is ordered that the appeal of Mathies Coal Company is hereby quashed.