Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Jose A. Rodriguez *v.* Calder Manufacturing Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants.

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*W. Jeffrey Sidebottom,* with him *Barley, Snyder, Cooper & Mueller,* for appellants.

*Harold W. Budding,* with him *James N. Diefenderfer,* for appellees.

Opinion by Judge Wilkinson, November 7, 1975:

This case concerns an appeal from an order of the Workmen's Compensation Appeal Board (Board) remanding a compensation claim to a referee. We quash the appeal and remand the record to the Board.

Jose A. Rodriguez, claimant-appellee, filed a claim petition pursuant to the Pennsylvania Workmen's Compensation Law, Act of June 2, 1915, P. L. 736, No. 338, *as amended,* 77 P.S. §1 et seq., alleging an injury to his left wrist suffered on April 16, 1973, while working for Calder Manufacturing Company, employer-appellant. A hearing was held on October 30, 1973, before a referee who subsequently issued a decision disallowing compensation on the grounds that claimant failed to establish any disability. Claimant was not represented by an attorney at the hearing although he was given adequate opportunity to retain counsel.

An appeal from the referee's decision and a petition for rehearing were filed with the Board by claimant. The petition for rehearing was grounded on medical evidence discovered after the hearing and on the necessity for an attorney to present claimant's case in an orderly, comprehensible manner. By an order dated November 22, 1974, the Board set aside the findings, conclusions and decision of the referee and remanded the case to the referee to permit claimant "one more opportunity to present evidence in support of his claim and allow rebuttal by defendant [employer]." The Board also ordered the referee to make new and appropriate findings, conclusions and disposition. That order has been appealed by the employer and its insurance carrier to this Court.

Without having to decide on the merits the propriety or the scope of the Board's order, we quash the instant appeal. Recently, in *Workmen's Compensation Appeal*

*Board v. E-C Apparatus Corporation,* 20 Pa. Common-wealth Ct. 128, 339 A.2d 899 (1975), we restated the general rule that an order of the Board remanding a case to a referee for further testimony is interlocutory, thus rendering any appeal therefrom premature. Although we have recognized exceptions to this general principle in *Riley Stoker Corporation v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), and in *United Metal Fabricators v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), we did so on the basis of unusual circumstances not found here.

In *Riley Stoker, supra,* the Board remanded a case to a referee for a rehearing where the claimant failed to file a timely appeal from the referee's order pursuant to Section 423 of the Workmen's Compensation Act, *as amended,* 77 P. S. §853. We stated there that to permit the action to continue when it eventually would be quashed for untimeliness would subvert the proper administration of justice. *Riley Stoker, supra,* 9 Pa. Commonwealth Ct. at 537-38, 308 A.2d at 207. Accordingly, we considered the merits of the remand order. That case does not apply to the instant controversy since it is apparent from the record that claimant timely appealed the referee's decision under Section 423.

Employer, however, relies heavily on our opinion in *Zindash, supra,* in which we decided the merits of a Board remand order where "no purpose except delay would be served by a rehearing before the Referee, especially when it was not sought by claimant." *Zindash, supra,* 8 Pa. Commonwealth Ct. at 341, 301 A.2d at 710. The present case is distinguishable. Here, a rehearing was not only actually sought by claimant, but it was also requested in part on the grounds of after-discovered medical evidence. Since crucial to this case is whether claimant was in fact disabled, a rehearing, which would allow the introduction of after-discovered medical testimony to establish

disability, would not be so useless as to render the remand clearly futile.

Finally, we reject *Wilder v. Jones & Laughlin Steel Corporation,* 8 Pa. Commonwealth Ct. 505, 303 A.2d 537 (1973), on which employer further relies, as another exception allowing this Court to reach the merits of the Board remand order. *Wilder* dealt with the propriety and scope of a judicial, not an administrative, remand order. In view of our decision in *E-C Apparatus Corporation, supra,* where we expressed great hesitancy in aborting the administrative process, *Wilder* is inapposite to the present case.

We conclude with appropriate language of Judge Blatt in *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 135, 309 A.2d 831, 833 (1973):

> "It must be emphasized that we are *not* here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. *These are issues which either party can raise in future proceedings.* We merely hold that the circumstances presented in this case are not so extraordinary as they were in *Zindash, supra,* and *Jeeter [Riley Stoker], supra,* and so do not persuade us to consider the appeal from what is clearly an interlocutory order." (Emphasis added.)

Accordingly, we enter the following

## ORDER

NOW, November 7, 1975, the appeal of Calder Manufacturing Company and the Pennsylvania Manufacturers' Association Insurance Company is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.