Roadway Express, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kenneth Lovette, Respondents.

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

Michael I. Levin, with him Cleckner & Fearen, for petitioner.

Mary Ellen Krober, Assistant Attorney General, with her Roland J. Artigues; Galfand, Berger, Senesky, Lurie and March; and James N. Diefenderfer, for respondents.

OPINION BY JUDGE BLATT, June 5, 1978:

Roadway Express, Inc. (employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) remanding this case to a referee for further findings of fact.

Kenneth Lovette, the claimant, was injured in the course of his employment on December 13, 1970 and received workmen's compensation benefits pursuant to an agreement entered into on December 18, 1970 which was subsquently modified on July 19, 1971. In April of 1974, the employer and the claimant signed another agreement whereby the claimant agreed to accept a lump sum award in return for a release of all liability, which agreement had been approved by a referee in March of 1974. On March 12, 1975, however, the claimant filed a petition to set aside the re-

lease and commutation agreement alleging that the award was illegal under Sections 316 and 407 of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §§604, 731. This petition was dismissed by the referee on the grounds that it was an attempt to circumvent the appeal period limitations concerning either an award or disallowance. No findings of fact were made regarding the award or as to whether or not it varied the amount payable under the Act. The claimant then timely appealed to the Board arguing that his petition had been timely filed with the referee and that the commutation award was illegal under the Act. The Board remanded the case to the referee for findings to determine the nature of the injury, the scope of the prior settlement and its propriety. The employer now appeals this remand order.

We have consistently held that an order remanding a case to a referee is interlocutory and not appealable, *Gilroy v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 152, 377 A.2d 1302 (1977), and we have provided only two exceptions to this rule: (1) for appeals where the Board had no jurisdiction because the appeals to the Board from the referee were not timely, *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973) and (2) for appeals where the record conclusively establishes that no result other than that reached by the referee could be reached, *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973).

In this case, the petition was filed to set aside the award and release on the grounds that it was illegal, and Section 413(a) of the Act provides for such review by a referee at any time. 77 P.S. §771. The claimant's appeal to the Board was also timely filed, so the *Riley Stoker Corp.* case exception does not ap-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

ply. Clearly, the *Zindash* exception does not apply here, either, because the Board ordered the remand due to the referee's failure to make findings on the crucial issues concerning the commutation agreement. We must quash, therefore, this appeal.[2]

### ORDER

AND Now, this 5th day of June, 1978, it is ordered that the appeal of Roadway Express, Inc., filed at No. 767 C.D. 1977, is hereby quashed.

---

[2] We are not here deciding whether or not the remand itself was proper, but are holding that, inasmuch as this case falls within neither exception to the rule, this remand is interlocutory and not appealable. *See Gilroy v. Workmen's Compensation Appeal Board, supra; Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 135, 309 A.2d 831, 833 (1973).