S.K.F. Industries and Liberty Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John A. Wieckowski, Respondents.

Argued June 5, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Lawrence L. Robinson,* with him *Joseph R. Thompson,* for petitioners.

*Roland Artigues,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., July 6, 1978:

Petitioner-employer (employer) and its insurance carrier have appealed an order of the Workmen's Compensation Appeal Board (Board) which vacated a referee's findings of fact, conclusions of law, and order denying benefits to respondent-claimant (claimant) and remanded the matter to the referee "for further hearings, if necessary, and resolution of the various items presented" in the Board's opinion. We must quash the appeal as interlocutory.

Claimant worked for the employer since 1942, and for most of those years (including the last 12 years of his employment), he was a grinder, exposed to constant noise from various types of grinding machinery. Beginning in 1961, claimant's family began to notice that he had difficulty hearing. A 1962 medical examination revealed a 30% hearing deficiency; the right ear was more severely affected than the left. An operation on the right ear alleviated the condition temporarily, but apparently claimant's hearing in his right ear soon worsened again. In 1963 claimant's physician determined that claimant was totally deaf in his right ear and needed a hearing aid for his left. Claimant has worn various types of hearing aids since 1963.

In December 1973, after continuing to work as a grinder under the same noisy conditions, claimant filed a disability petition, alleging that in February 1973 he had suffered a complete loss of hearing because of acoustic trauma at work and that he had so notified his supervisor at that time. Claimant testified at a referee's hearing on May 1, 1974 as to his work conditions and history of ear trouble and said that since "about five years ago" (*i.e.*, May 1969) he had been unable to understand any conversation without a hearing aid. The only medical witness was an audiological specialist who examined claimant on May 18, 1974. He found that claimant suffered total hear-

ing loss in his right ear and "profound deafness" in his left. The physician testified that the total deafness in claimant's right ear would not have been caused by exposure to noise but that the severe hearing loss in the left ear was caused by the noise, which "fatigued it out and caused it to degenerate." Such degeneration, the physician stated, occurred over "years and years and years" and that he "couldn't tell for how long" the claimant had lost hearing in his left ear prior to the May 1974 examination. Nor, he said, could a patient tell the rate at which such loss occurred.

The referee found as facts that the claimant's deafness had degenerated to the point that he could not hear any human conversation unaided in May 1969 and that claimant had not given notice of his condition until February 1973 or filed his claim petition until December 1975. He dismissed claimant's petition, concluding that the loss of hearing in claimant's right ear was not occupationally related and that claimant had failed to notify the employer and file his claim petition within the applicable periods prescribed by Sections 311 and 315, respectively, of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§631 and 602. The Board found that the referee had erred in finding that the petition had been filed in December 1975 (as opposed to December 1973). The Board ruled that claimant's loss of hearing resulted from protracted exposure to the noise (as opposed to isolated instances at ascertainable times) and, therefore, the time limitations for notice and filing should not have been imposed.[1] The Board's remand and this appeal followed.

---

[1] The Board's opinion indicates that the full record may not have been before it, referring to certain missing notes of testimony, depositions and reports. This in itself would require a remand to

All parties have addressed the issues of claimant's right to compensation on the merits. We cannot, however, decide the merits at this time. Remand orders from the Board are, of course, interlocutory, and appeals therefrom generally must be quashed, even if, as here, by this Court *sua sponte*. The only exceptions we have recognized to the general rule have been recently set forth by Judge BLATT in *Roadway Express, Inc. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 625, 627, A.2d , (1978):

(1) for appeals where the Board had no jurisdiction because appeals to the Board from the referee were not timely, Riley Stoker Corp. v. Workmen's Compensation Appeal Board, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973) and (2) for appeals where the record conclusively establishes that no result other than that reached by the referee could be reached, United Metal Fabricators, Inc. v. Zindash, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973).

There is no question that the first exception is inapplicable here. We find the second exception is also inapplicable. The referee's conclusion that the claimant failed to notify the employer or file his claim petition within the time limitations of the Act was based on his reasoning that since the claimant had not been able to hear any conversation unaided since about May 1969, the applicable limitation periods on a claim of loss of hearing had to have run before claimant notified the employer in February 1973 or filed his petition in December 1973. However, this determination of the date on which the compensable injury must

---

the referee to insure a complete record. Indeed, paragraph 3(c) of the employer's petition for review gives as a reason for setting aside the Board's order that it "rendered its decision without the complete record."

have occurred might be considered contrary to the only medical testimony which indicated that neither the physician nor the claimant could tell how long the claimant had lost hearing in his left ear prior to the May 1974 examination. Considering this medical testimony with the fact that claimant was exposed to the same noisy conditions at his place of employment up to December 1973 and with the rule that each outburst of noise to which a claimant is exposed during the course of employment can be considered as contributing to a compensable loss of hearing (*Hinkle v. H. J. Heinz Co.,* 462 Pa. 111, 337 A.2d 907 (1975)), we cannot say that the record *conclusively* establishes that "no result other than that reached by the referee could be reached" here.

Accordingly, we will enter the following

### ORDER

Now, July 6, 1978, the appeal of petitioners from the order of the Workmen's Compensation Appeal Board, Docket No. A-72019, dated April 7, 1977, is hereby quashed.