Ethel Brennan, w/o Harry E. Brennan, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Rogow & Sons, Inc., Respondents.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Allan L. Fluke,* with him *Wick, Vuono & Lavelle,* for petitioner.

*Ralph A. Davies,* with him *James R. Wilson* and *Thomson, Rhodes & Grigsby,* for respondent.

OPINION BY JUDGE WILKINSON, JR., June 20, 1979:
Petitioner, widow-claimant, appeals the decision of the Workmen's Compensation Appeal Board (Board)

which reversed the referee's award of compensation and of counsel fees and remanded the case to the referee for further findings on whether the death of claimant's husband resulted from the work-related injury. As we view it, the only issue we must and do decide at this time is whether the remand order is interlocutory. We hold that it is and must quash this appeal as premature.

The limited exceptions to the general rule that remand orders are interlocutory arise only in those unusual cases where the record can support only the result the referee reached or the appeal to the Board is untimely. *See Roadway Express, Inc. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 625, 386 A.2d 1083 (1978); *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). This is clearly not such a case—indeed, as the Board indicates, there is some question whether it supports the referee's decision. This we do not decide at this time.

One thing that alone would take this out of the *Zindash* exception is the referee's statement in Finding of Fact 8, that the employer's medical expert's testimony "was not sufficient to establish that the work activity of the decedent on the day in question did not precipitate or was not a cause of the acute myocardial infarction." Obviously, the referee's award cannot be based, even in part, on such a finding. The burden is on the claimant.

Accordingly, without deciding the merits of the referee's decision or the propriety of the remand, we will enter the following

ORDER

AND Now, June 20, 1979, it is ordered that the appeal of Ethel Brennan, w/o Harry E. Brennan, is hereby quashed.