J and J Portion Control Meats, Inc. and Insurance Company of North America, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Darrell R. Cole, Respondents.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John F. Will, Jr.,* with him *Will & Keisling,* for petitioners.

*Harry K. Thomas,* with him *Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., August 21, 1979:

Darrell R. Cole (Claimant) was injured at work on November 6, 1972, and a notice of compensation pay-

able was duly filed. Compensation was paid from December 12, 1972 to April 29, 1973, after which Claimant returned to light duty employment.[1] He was discharged on July 20, 1973. Claimant continued to receive medical treatment after his return to work and subsequent discharge.

In October, 1973, Claimant filed a petition to review provisions of the existing compensation agreement which was properly treated by the referee as a petition for reinstatement.[2] Defendants filed a petition to terminate.[3] The referee, hearing the cases simultaneously, in two separate orders dismissed Claimant's reinstatement petition and sustained Defendant's petition to terminate.

Claimant appealed the dismissal of the reinstatement petition to the Workmen's Compensation Appeal Board (Board) which vacated the referee's order dismissing that petition and remanded the matter to the referee to determine Claimant's present status and compute compensation from July 20, 1973.

At issue in this appeal is the propriety of the Board's remand order which it is contended is interlocutory, and hence, unappealable to this Court.[4]

The rule is that remand orders from the Board are generally interlocutory. *S.K.F. Industries v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 411, 387 A.2d 1347 (1978). There are three exceptions. *See Roadway Express, Inc. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth

---

[1] Claimant's wages were equal to or greater than those earned at the time of his injury.

[2] Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

[3] Section 413 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §772.

[4] We need not consider the other issues raised by the petitioners since it is our opinion that the appeal should be quashed.

Ct. 625, 386 A.2d 1083 (1978); *Flynn v. Asten Hill Manufacturing Co.*, 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1977).

The first is for appeals where the Board lacked jurisdiction because the appeal was untimely. *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973). This exception is irrelevant. The order of the Board vacates only the referee's order dismissing the petition for reinstatement, appeal from which was timely filed.[5]

The second exception allows review where the Board's order is based on a clear error of law which would necessitate long and fruitless proceedings. *Flynn, supra.* The order and opinion of the Board discloses no such error.

The third exception allows appellate consideration of a remand order where an examination of the record shows that no conclusion other than that reached by the referee can be supported. *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). In examining the record, we note that the referee's determination that Cole suffered no disability subsequent to April 30, 1973, was based solely on the testimony of Dr. McLamb, who had last

---

[5] There is some argument by the Defendants that the Board's order vacates both the referee's order sustaining the termination petition as well as the order dismissing the reinstatement petition which it was without jurisdiction to do. Admittedly, the order is unclear, however, a thorough reading of the Board's entire opinion and conclusions clarifies any ambiguity and makes evident that the order vacates only the referee's dismissal of the reinstatement petition and remands for the limited purpose of determining the claimant's status after April 30, 1973, and computing any benefits payable after July 20, 1973. Moreover, the Board concedes in its brief that its order of April 21, 1978, has no effect upon the validity of the order sustaining the termination petition which was not appealed.

treated him on April 24, 1973, and who had no knowledge of Cole's physical condition after this time. His testimony was therefore irrelevant as to the existence or reoccurrence of Claimant's disability subsequent to April, 1973. Moreover, the referee completely disregarded the testimony of Dr. Agresti, who treated Claimant subsequent to April, 1973, and which testimony confirmed Cole's claim.

In light of this evidence, we cannot say that the record conclusively establishes that the referee's determination was the only possible result.

Accordingly, we

ORDER

AND Now, this 21st day of August, 1979, the appeal of J and J Portion Control Meats, Inc., and Insurance Company of North America filed at No. 1331 C.D. 1978 is hereby quashed.