Freedman *v.* Crown Paper Board Company, et al.

Argued June 8, 1973, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Gerald J. Haas,* for appellant.

*John F. McElvenny,* for appellee.

OPINION BY JUDGE WILKINSON, July 2, 1973:

Claimant-appellant received compensation for total disability under a workmen's compensation agreement for the period of February 10, 1970, to November 16, 1970. Employer-appellee filed a petition for termination of the agreement, alleging that all disability resulting from the injury had ceased as of November 17, 1970. The referee found that claimant-appellant's condition had changed to "undetermined partial disability," and modified the agreement to provide for a reduced amount of compensation. The Workmen's Compensation Appeal Board affirmed the referee's findings of fact and conclusions of law, and this appeal followed.

Only one of the errors of law advanced by claimant-appellant requires attention, as it is dispositive of the appeal.

During the course of the hearing before the referee, employer-appellee's counsel presented medical testimony to support his burden of showing that all disability had ceased. Perhaps anticipating that the medical evidence would not sustain this burden, he called a witness who testified as to available work for claimant-appellant, and he also solicited the opinion of the physician as to the type of work claimant-appellant could perform. Claimant-appellant countered this evidence by testifying that, upon his brief return to work following the injury, he could not perform a task similar to that described by the employer-appellee's witness.

With the issue of whether available work had been shown posited squarely before the referee, it was then inexplicably ignored in the findings of fact and conclusions of law. The referee found only that the total disability had changed to partial disability. On appeal

to the Board, claimant-appellant raised the failure of the employer-appellee to establish that work the claimant could perform was available. The Board likewise omitted any findings on this issue, and merely affirmed the referee's conclusion as to the change in disability.

Where the Board has determined that a claimant is disabled to the extent that he can no longer perform his former work, it is error to award partial disability unless the employer establishes that there is work available which the claimant can perform. *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968); *Petrone v. Moffat Coal Company*, 427 Pa. 5, 233 A. 2d 891 (1967); *Chamberlain Corporation v. Pastellak*, 7 Pa. Commonwealth Ct. 425, 298 A. 2d 273 (1973).

This proposition is valid when the finding of the Board is specifically that the claimant can perform only light work and, as here, when the finding is that the claimant suffers from an unspecified partial disability. *Barrett, supra.*

Thus, it was an error of law for the Board to award partial disability without a finding that there was work available which the claimant could perform. Since there is evidence both ways on this critical issue, we are not confronted with the problem of which party had the burden of proof. This record will support a finding either way. This Court cannot presume that the Board concluded that work was available merely because there was an award of partial disability. There must be a finding on this point.

For the foregoing reasons, we enter the following

#### ORDER

Now, July 2, 1973, the award of partial disability is set aside and the case is remanded to the Workmen's Compensation Appeal Board for a finding on the issue of the availability of work that claimant-appellant could perform and for the making of an award based thereon.