Empire Kosher Poultry, Inc. and American Mutual Insurance Companies, Appellants, *v.* Workmen's Compensation Appeal Board and Fuschia Busel, Appellees.

Submitted on briefs July 30, 1974, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*James K. Thomas,* with him *Metzger, Hafer, Keefer, Thomas and Wood,* for appellants.

*Jerome H. Gerber,* with him *Handler, Gerber and Weinstock,* for appellees.

Opinion by Judge Blatt, September 11, 1974:

Rabbi Joshua Busel (decedent) was employed by the Empire Kosher Poultry (employer) for the ritual slaughtering and inspecting of poultry products. On January 6, 1972, he suffered an apparent myocardial infarction while on the employer's premises and died later that day as a result of cardiac arrest.

On September 15, 1972, Rabbi Busel's widow, Fuschia Busel (claimant) filed a Fatal Claim Petition with the Workmen's Compensation Board (Board). Following a hearing, compensation was disallowed by a referee who found as a fact that: "Fourth: The claimant has failed to prove that the death of Rabbi Joshua Busel was the result of any injury by accident occuring while in the course of his employment with the defendant." On appeal, the Board ordered that the case be remanded to the referee "since his Conclusion of Law is not based upon any finding that he listed." The Board also strongly recommended a rehearing. The employer appealed to this Court from the Board's Order, and the appellee has filed a Motion to Quash that appeal.

Generally an order of the Board granting a rehearing or remanding a case for further consideration is considered to be interlocutory and thus not appealable. *Besco v. General Woodcraft & Foundry,* 7 Pa. Commonwealth Ct. 32, 298 A. 2d 60 (1972). There are, however, exceptions to this general rule. In *Riley Stoker Corporation v. Workmen's Compensation Appeal Board and Jeeter,* 9 Pa. Commonwealth Ct. 533, 308 A. 2d 205 (1973), this Court vacated a remand order by the Board because we held that the Board had no right to set such procedure in motion and had no jurisdiction to entertain a petition to remand, for the claimant's appeal had not been timely filed. In *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973), we recognized another exception, where there was clearly sufficient evidence before the Board to permit a decision on the merits and the evidence could not be interpreted in any other way than to sustain the referee's findings. Under such circumstances, we held that a remand would be futile.

In the case at hand, however, conflicting evidence was presented. The claimant sought to show that she

was entitled to recovery under the unusual strain doctrine, by which she must prove that her husband's death resulted from an overexertion or unusual strain encountered in the course of his employment. *Hamilton v. Procon,* 434 Pa. 90, 252 A. 2d 601 (1969). This doctrine, we have held, must be applied "according to the work history of the individual involved and not according to the work pattern of his profession in general." *Hamilton, supra,* 434 Pa. at 99, 252 A. 2d at 605. Here the claimant presented evidence that her husband had worked on the killing floor for shifts of two hours and thirty-five minutes and one hour and thirty minutes on the day of his death, whereas he and the other slaughterers at Empire normally worked for no more than an hour at a time with a one hour rest break between shifts. Moreover, there was evidence that the decedent spent one of his rest periods on that day, not resting but working in a supervisory position. This evidence, at the very least, creates a question of fact as to whether or not the decedent encountered an unusual strain or overexertion in the course of his employment which resulted in his death.

It seems clear, therefore, that we must here follow the general rule that a remand order by the Board is interlocutory and so not appealable. As in *Royal Pioneer Industries, Inc. v. Workmen's Compensation Appeal Board and Battistone,* 11 Pa. Commonwealth Ct. 132, 134-135, 309 A. 2d 831, 833 (1973), "[t]here is no glaring procedural error as in Jeeter, supra, and the record would not support a holding that a remand would be useless because the evidence permits only one possible result."

We reiterate: "It must be emphasized that we are not here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. These are issues which either party can raise in future proceedings. We

228

merely hold that the circumstances presented in this case are not so extraordinary as they were in Zindash, supra, and Jeeter, supra, and so do not persuade us to consider the appeal from what is clearly an interlocutory order. We must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under very unusual circumstances." *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board and Hruneni*, 12 Pa. Commonwealth Ct. 380, 383, 316 A. 2d 151, 152 (1974) ; *Royal Pioneer, supra*, 11 Pa. Commonwealth Ct. at 135, 309 A. 2d at 833.

For the above reasons, therefore, we issue the following

### ORDER

Now, September 11, 1974, the appeal of Empire Kosher Poultry, Inc., is quashed and the record is remanded to the Workmen's Compensation Appeal Board.