Anita T. Shipp, Widow of Frank Shipp, Jr., deceased, Appellant, *v.* Workmen's Compensation Appeal Board and Sanctis Construction Co. and Maryland Casualty Co., Insurance Carrier, Appellees.

Argued June 7, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Carl B. Fried,* with him *Irwin M. Ringold* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, October 17, 1974:

Frank Shipp, Jr. (decedent) was employed as a pump man for Sanctis Construction Company (employer). His usual duties were to prime, start, and maintain a gasoline driven pump at the excavation site for the foundation of the United States Steel Building in Pittsburgh. The pump area was located 80 to 90 feet below the street level and the hose extended from the pump area to the manholes on the street where it would discharge water through a four inch opening. The exclusive means of access between the manholes and the pump area was by a dirt ramp approximately 300 feet long and 60 feet wide rising to the street at about a 45 degree angle.

On March 11, 1968, after the decedent had been working as a pump man at the site in question for about four months, a water main broke on the job, causing water to flood into the excavation. This occurred at about 2:00 p.m., and the decedent consequently was required to work overtime that evening. He died at work at about 8:00 p.m., as a result of a myocardial infarction which caused a coronary artery insufficiency.

On January 8, 1969, Anita T. Shipp (claimant), the widow of the decedent, filed a Fatal Claim Petition with the Workmen's Compensation Board (Board). After a hearing, the referee awarded compensation benefits, and, in doing so, found as a fact: "Fourth: That the over-exertion occasioned by his employment on said date [of his death] precipitated and accelerated decedent's death." On appeal, the Board ordered the case remanded to the referee "with the direction that specific Findings of Fact be filed herein, in which is disclosed the events constituting overexertion or unusual strain alleged to have caused the death of petitioner's decedent." The claimant has appealed to this Court from the Board's order.

An order of the Board granting a rehearing or remanding a case for further consideration is interlocutory and thus not appealable. *Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 224, 324 A. 2d 797 (1974); *Besco v. General Woodcraft & Foundry*, 7 Pa. Commonwealth Ct. 32, 298 A. 2d 60 (1972). Only two exceptions to this rule have been recognized. First, in *Riley Stoker Corporation v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A. 2d 205 (1973), the appeal from the referee's decision to the Board was not timely filed and so the Board had no right to order a remand. This exception is clearly inapplicable here. The

only other exception was recognized in *United Metal Fabricators v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973). There we held that where no other conclusion could be supported by the evidence but that of the referee, and no purpose except delay would be served by a remand, the remand order would be reversed.

The record here indicates that the excavation site may have been somewhat muddier than normal on the day of the decedent's death and that he may have been required to walk up and down the ramp more often than would normally have been necessary. These factors plus others, including the overtime hours he worked, may have created an unusual strain on the decedent. On the other hand, the employer's evidence was to the effect that the strain experienced by the decedent on the day of his death was not substantially greater than was normal for him. The evidence, therefore, is inconclusive on the important factual question as to the degree to which the strain experienced by the decedent on the day of his death exceeded that which he had normally experienced during his work history. And, as we have held, the overexertion or unusual strain doctrine must be applied "according to the work history of the individual involved and not according to the work patterns of his profession in general." (Footnote omitted.) *Hamilton v. Procon, Inc.,* 434 Pa. 90, 99, 252 A. 2d 601, 605 (1969).

The order of the Board in this instance, therefore, was interlocutory, and as a result, the appeal must be quashed. It falls clearly into neither of the exceptions under which appeals have been allowed. We refer to our opinion in *Empire Kosher Poultry, Inc., supra,* for further discussion of the reasons for our holding and of the ramifications of the holding for future proceedings involving these parties.

## ORDER

Now, October 17, 1974, the appeal of Anita T. Shipp is quashed and the record is remanded to the Workmen's Compensation Appeal Board.