## Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Lovekin Trageser *v.* Willie Brooks, Appellant.

Argued April 9, 1976, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Leonard Rubin,* for appellant.

*David F. Kaliner,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, May 18, 1976:

Appellant filed a petition to reinstate compensation which was heard by a workmen's compensation referee together with appellee-employer's petition to terminate compensation. The referee granted appellant's petition and denied the petition to terminate.

The appellee-employer appealed to the Workmen's Compensation Board of Appeal (Board), which set a hearing for May 15, 1975. Prior to hearing, the referee who had heard the petitions requested that the Board remand the case to him for further consideration. In a letter to the Board subsequent to the hearing, the referee stated his award did not reflect certain evidence presented on behalf of the employer.

The Board remanded for such revisions of findings of fact, conclusions of law and decision as may be lawful and proper. Appellent contends that the referee did not have the right, sua sponte, to request the Board to remand the case for the reconsideration of already presented evidence and that the Board did not have the authority to grant the request as it did.

518

Without exploring the merits of appellant's arguments, we must dismiss the instant appeal as interlocutory. No decision has yet been rendered on remand and it is not at all certain that appellant will be harmed by the order of the Board. Certainly the order under attack neither puts appellant out of court nor precludes him from presenting the merits of his claim.

This Court has often held that a remand by the Board to a referee for the taking of additional evidence is interlocutory and an appeal therefrom is therefore generally premature. *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975) ; *Empire Kosher Poultry, Inc. v. Busel*, 15 Pa. Commonwealth Ct. 224, 324 A.2d 797 (1974) ; *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 380, 316 A.2d 151 (1974). Appeals from such remand orders of the Board have only been entertained by this Court in two cases, *Riley Stoker Corporation v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), where the appeal from the referee to the Board was untimely filed, and *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), where the evidence before the Board was sufficient and permitted only one possible result. Neither of these situations confronts the Court in the instant appeal. See *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973).

Accordingly, we enter the following

ORDER

Now, May 18, 1976, the appeal of Willie Brooks is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board.

Judge KRAMER did not participate in the decision in this case.