Robert Merryman and Workmen's Compensation Appeal Board *v.* United States Steel Corporation, Appellant.

Argued September 13, 1976, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard F. Lerach,* for appellant.

*William Sloan Webber,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, October 14, 1976:

A Workmen's Compensation referee found that an eye injury suffered by Robert Merryman was not related to his occupation and thus not covered by The Pennsylvania Workmen's Compensation Act.[1] The Workmen's Compensation Appeal Board, without taking evidence, good naturedly set aside the determination of the referee and remanded the case to the referee "to give claimant the opportunity to present medical evidence, and, of course, to give the parties the opportunity to present any other evidence they may desire." The defendant employer has now filed an appeal from this decision of remand.

This Court in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1976), interpreted the 1972 amendments to the Act[2] as imposing upon the Workmen's Compensation Appeal Board stricter limitations on its former wide capacity to remand cases to referees for further taking of evidence. We held that the new provisions empowered the Board to remand only when "the referee's findings are not supported by competent evidence" or when "the referee [has] failed to make a finding on a crucial issue necessary for the proper application of the law." *Forbes, supra,* at 358, 336 A.2d at 445. In this case, the medical report of Dr. Novak for the defendant employer constitutes competent and comprehensive evidence upon which the referee could

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.
[2] Sections 853 and 854 of the Act, 77 P.S. §§853, 854.

have based his finding. Nor did the referee fail to make a finding on any crucial issue. Therefore, by the *Forbes, supra,* rule the Workmen's Compensation Appeal Board erroneously remanded.

In general, it is the rule that remand orders are not appealable. *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 380, 316 A.2d 151 (1973), *Shipp v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 424, 326 A.2d 663 (1974). However, in *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 341, 301 A.2d 708, 710 (1973), this Court held that when "no other conclusion could be supported but that of the Referee, and no purpose except delay would be served by a rehearing before the Referee," an appeal of an order remand should be granted. A recent case has interperted *United Metal Fabricators, supra,* to allow an appeal from a remand order of the Board "in circumstances where the record is complete enough to preclude a remand for additional evidence pursuant to the Board's appellate authority . . . ." *Workmen's Compensation Appeal Board v. Borough of Ferndale,* 20 Pa. Commonwealth Ct. 269, 274, 342 A.2d 146, 148 (1975). Here the record is complete and the referee made adequate findings on all crucial issues. Therefore, under *Forbes, supra,* the remand order was erroneous, beyond the power of the Board and appealable. It will be reversed.

ORDER

AND Now, this 14th day of October, 1976, the order of the Workmen's Compensation Appeal Board, Docket No. A-70047, remanding to the Referee is reversed.