Inter-State Tile and Mantel Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John W. Myers, Respondents.

Argued September 28, 1978, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for appellant.

*John J. Krafsig, Jr.,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, December 27, 1978:

In *Workmen's Compensation Appeal Board v. Inter-State Tile and Mantel Co.,* 20 Pa. Commonwealth Ct. 178, 341 A.2d 218 (1975), the employer (Inter-State) having filed a petition for termination of workmen's compensation benefits, we determined that there was substantial competent evidence in the record to support the referee's determination that John W. Myers (claimant) was only partially disabled. We specifically held that the Workmen's Compensation Appeal Board (Board) was in error when it reversed the referee's determination of partial disability and substituted a finding that the claimant continued to be totally disabled.

However, we concluded that it was an error of law for the referee to award partial disability without a finding that there was work available which the claimant could perform. This conclusion was based on our holding in *Freedman v. Crown Paper Board Co.,* 9 Pa. Commonwealth Ct. 260, 307 A.2d 466 (1973). Accordingly, we remanded to the Board for resubmission to the referee for a finding on the issue of the

availability of work that the claimant could perform and for the referee to make a further order.

In *Freedman*, as here, the referee in the first instance found only that the total disability had changed to partial disability, and we held that it was an error of law to award partial disability without a finding that there was work available which the claimant could perform. Judge WILKINSON succinctly wrote on this issue what is equally applicable to the instant case:

Since there is evidence both ways on this critical issue, we are not confronted with the problem of which party had the burden of proof. This record will support a finding either way. This Court cannot presume that the Board concluded that work was available merely because there was an award of partial disability. There must be a finding on this point.

9 Pa. Commonwealth Ct. at 262, 307 A.2d at 467.

Following our remand order, the Board remanded the case to Referee Noonan,[1] who made the following key findings and entered an order directing that the claimant be paid compensation for a 50-percent permanent partial disability.

5. . . . [B]ased on competent medical evidence, of record, claimant as of March 14, 1974, as a result of accidental injury of July 27,

---

[1] The original findings and order had been made by Referee McCloskey following an evidentiary hearing. Referee Noonan made his findings and order after oral argument and a review of the record without taking additional evidence. This appeal raises no question of law as to regularity of the proceedings. *See Duquesne Brewing Co. v. Dyda*, 8 Pa. Commonwealth Ct. 531, 303 A.2d 541 (1973) ; *Wilder v. Jones & Laughlin Steel Corp.*, 8 Pa. Commonwealth Ct. 505, 303 A.2d 537 (1973). Unless the Board shall otherwise order, the testimony taken before the original referee shall be considered as though taken before the substituted referee. Section 415 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §851.

1967, still suffers a 50% permanent partial disability which is reflected in a similar loss of earning power.

6. . . . [B]ased on testimony of record, light work was made available to the claimant, work of type of which claimant could perform.

7. . . . [T]he burden of proof has been met to establish availability of work at the presumed level of ability.

The claimant appealed Referee Noonan's decision and the Board sustained the appeal and again remanded the case to the referee. Inter-State has appealed[2] this order of remand[3] by the Board. We reverse.

---

[2] In general, it is the rule that remand orders are not appealable. *Shipp v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 424, 326 A.2d 663 (1974) ; *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 380, 316 A.2d 151 (1974). However, in *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 341, 301 A.2d 708, 710 (1973), this Court held that when "no other conclusion could be supported but that of the Referee, and . . . no purpose except delay would be served by a rehearing before the Referee," an appeal of an order of remand should be granted.

This Court in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), interpreted the 1972 amendments to Section 423 of the Act, 77 P.S. §§853, 854, as imposing upon the Workmen's Compensation Appeal Board stricter limitations on its former wide capacity to remand cases to referees for further taking of evidence. We held that the new provisions empowered the Board to remand only when "the referee's findings are not supported by competent evidence" or when "the referee [has] failed to make a finding on a crucial issue necessary for the proper application of the law." *Forbes, supra*, at 358, 336 A.2d at 445. Here the record is complete and the referee made adequate findings on all crucial issues. Therefore, under *Forbes, supra*, the remand order was erroneous, beyond the power of the Board, and appealable.

[3] The Board's order of remand also vacated Referee Noonan's order of April 15, 1977 and set aside his findings of fact and conclusions of law.

It must be kept in mind that we remanded for the purpose of securing from the referee a finding on the issue of the availability of work that claimant could perform. Our previous opinion indicated that Inter-State presented evidence at the hearing before the referee in the form of testimony from a psychologist who qualified as a vocational expert, knowledgeable in the field of job rehabilitation and placement for disabled persons. He testified that there were approximately a dozen specific jobs available in the area which claimant could perform. Claimant's medical witness affirmed that claimant was able to do some of the light jobs that the vocational expert described. *Workmen's Compensation Appeal Board v. Inter-State Tile and Mantel Co., supra.* The Board, in its opinion in support of its last remand order, admits that "there is evidence of record on both sides of this issue [availability of work that claimant could perform]."

The weighing of testimony is solely within the province of the referee factfinder. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Referee Noonan made findings of fact, supported by substantial evidence of record, that light work was made available to the claimant, work of the type which claimant could perform,[4] and that work was available to the claimant

---

[4] These findings in favor of the employer's assertions of job availability and that claimant was capable of doing such work and our varying scope of review depending on whether the referee's decision is for or against the party with the burden of proof, reconciles our holding today with those cases relied upon by the claimant to support the Board's remand order. Where, as here, the party bearing the burden of proof (employer filing a petition for termination of compensation) prevailed before the referee and the Board took no additional evidence, our scope of review is limited to a determination of whether or not the findings of the referee are supported by substantial competent evidence and whether there

at the level of claimant's ability, reflecting his permanent partial disability of 50 percent, as of March 14, 1974.

Therefore, Referee Noonan has made adequate findings on all crucial issues, findings which are supported in the record by substantial and competent evidence and which fulfill our previous remand order and the requirements of our holding in *Freedman v. Crown Paper Board Co., supra.* Accordingly, the remand order of the Board, under date of August 9, 1977, was erroneous and beyond the power of the Board and must be reversed.

---

has been an error of law or a violation of constitutional rights. *David v. Bellevue Locust Garage,* 12 Pa. Commonwealth Ct. 602, 317 A.2d 341 (1974). Where the decision is against the party with the burden of proof, our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.,* 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976).

The referee's findings in this case, which are favorable to the party bearing the burden of proof, constitute the factor that makes the cases relied upon by the claimant inapposite here. *See Workmen's Compensation Appeal Board v. Pennsylvania School Boards Ass'n,* 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977) ; *Workmen's Compensation Appeal Board v. Allied Chemical Corp.,* 20 Pa. Commonwealth Ct. 562, 342 A.2d 766 (1975) ; *Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund,* 19 Pa. Commonwealth Ct. 605, 339 A.2d 158 (1975).

Likewise, the claimant's reliance on *Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974), is misplaced since in that case we concluded that there was not substantial evidence of record to support the referee's finding that a claimant's (Bank's) disability had been reduced from total disability to 25 percent partial disability. Here the opposite conclusion prevails since we find that there is substantial evidence in the record to support Referee Noonan's crucial finding that the claimant's disability had been reduced from total disability to 50 percent permanent partial disability.

### Order

And Now, this 27th day of December, 1978, the order of the Workmen's Compensation Appeal Board, under date of August 9, 1977 and docketed at No. A-73204, remanding the record to the referee and vacating his order of April 15, 1977 and setting aside his findings of fact and conclusions of law, is reversed, and the order of the referee, under date of April 15, 1977, is reinstated. Accordingly, it is ordered that judgment be entered in favor of John W. Myers and against Inter-State Tile and Mantel Co., Inc., in the amount of $26.25 per week, beginning March 14, 1974 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.