Zurn Industries, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Richard M. Sturtevant, Respondents.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Stanley S. Berlin,* with him *Howard N. Plate,* and *Plate, Doyle, Hutzelman and Berlin,* for petitioner.

*Amiel B. Caramanna, Jr.,* with him *Alexander J. Pentecost,* for respondents.

OPINION BY JUDGE BLATT, September 7, 1979:

The petitioner, Zurn Industries, Inc., appeals here from an order by the Workmen's Compensation Appeal Board (Board) which remanded the instant case to the referee to permit the introduction of so-called "after-discovered evidence."

It is well settled that a remand order is interlocutory and therefore generally unappealable. *American Can Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 169, 389 A.2d 263 (1978). The only exceptions to this rule are for appeals where the Board had no jurisdiction because the appeals from the referee were not timely, *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.

Commonwealth Ct. 533, 308 A.2d 205 (1973), for appeals where the record conclusively establishes that no result other than that reached by the referee could be reached, *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), and for appeals where the Board's action is based on a clear error of law which would necessitate prolonged and fruitless proceedings, *Flynn v. Asten Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978). We believe that the Board here clearly erred as a matter of law in remanding this case and, if we were now to quash the appeal as interlocutory, this would lead only to more hearings before the referee, followed by appeals to the Board and to this Court, at which time we would have to reach the same result. We also believe, therefore, that the order is now appealable.

The appellant here moreover had four hearings before a referee requesting the modification of his award of compensation benefits for a work-related injury from partial to total disability. The referee granted the requested modification, but held that the benefits should be suspended effective February 27, 1971, because there was work available as of that date which the appellant was capable of performing. The appellant appealed this determination to the Board, but, at the oral argument before the Board, he dropped his appeal as to the referee's findings of fact and conclusions of law and requested a remand based upon a doctor's letter which he said he then had and which he called "after discovered evidence." The appellant did not aver that, by the exercise of ordinary diligence, he could not have presented this evidence at the hearings before the referee. *Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A.2d 517 (1973). And the letter, which was dated September 11, 1978, merely suggests that the appellant had a re-

currence of phlebitis in his left leg as of February 21, 1978. Clearly this would not have affected the outcome of the referee's ruling on the appellant's modification petition filed in November of 1976.

The referee's findings here were supported by competent evidence and he cannot be said to have failed to make a finding on a critical issue necessary for the proper application of the law. The Board was in error, therefore, in remanding. *Merryman v. U.S. Steel Corp.*, 26 Pa. Commonwealth Ct. 569, 365 A.2d 166 (1976); *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

The order of the Board is reversed.

ORDER

AND Now, this 7th day of September, 1979, the order of the Workmen's Compensation Appeal Board remanding the above-captioned matter to the Referee is hereby reversed and the order of the Referee is therefore reinstated. It is hereby ordered that judgment be entered in favor of Richard M. Sturtevant and against Zurn Industries, Inc. as follows: The employer and/or its insurance carrier shall pay compensation due and owing to the claimant at the rate of $60.00 per week commencing June 16, 1976 and continuing through February 26, 1977 and are directed to reimburse claimant's counsel for the following costs:

| | |
|---|---:|
| Adelman Reporters | $ 55.50 |
| Dr. Shuster's Report | 40.00 |
| Dr. Shuster's Deposition | 150.00 |

All compensation due and owing shall bear interest at the rate of 10% per annum. The employer and/or its insurance carrier are also directed to pay the claimant's attorney's fees in the amount of 20% of the award in accordance with the Referee's order in the above-captioned matter.