420 A.2d 414

**John W. MYERS and Workmen's Compensation Appeal Board, Appellants,**

**v.**

**INTER-STATE TILE AND MANTEL CO., INC.**

**Appeal of John W. MYERS.**

Supreme Court of Pennsylvania.

Argued May 22, 1980.

Decided Sept. 22, 1980.

John J. Krafsig, Harrisburg, for appellants.

Ronald M. Katzman, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, John W. Myers, suffered a compensable injury on July 27, 1967, while in the course of his employment. He

received workmen's compensation benefits for total disability based upon various agreements with his employer, Inter-State Tile and Mantel Co., Inc., appellee herein. In October, 1973, employer filed a petition for termination of compensation. Following a hearing in March, 1974, Referee McClosky found that claimant suffered only partial disability and reduced his weekly compensation from $52.50 to $42.00. The Workmen's Compensation Appeal Board [Board] reversed the referee and held that claimant remained totally disabled.

Employer appealed to Commonwealth Court, which held that employer met his burden of proof and that the referee properly modified the finding of total disability to a finding of partial disability. However, the Court also stated that it could not presume that the referee had concluded that work, of the type that claimant could perform, was available merely because there was an award of partial disability. *Freedman v. Crown Paper Board Co.*, 9 Pa.Cmwlth. 260, 307 A.2d 466 (1973). Therefore, the case was remanded to the Board for resubmission to the referee for a finding on the issue of job availability. *Workmen's Compensation Appeal Board v. Inter–State .Tile and Mantel*, 20 Pa.Cmwlth. 178, 341 A.2d 218 (1975) (*Inter–State Tile I*).

Upon remand, the case was heard by a different referee, Referee Noonan. Referee Noonan offered to re–open the record for the receipt of additional testimony; however, claimant chose not to present additional testimony. Following legal argument, the referee, relying upon the record developed three years earlier, set forth findings of fact and conclusions of law and entered an order directing that claimant be compensated for fifty percent permanent partial disability. Claimant appealed to the Board which sustained the appeal and again remanded to the referee. Commonwealth Court granted employer's petition for review, reversed the Board and reinstated the order of Referee Noonan. *Inter–State Tile and Mantel Co., Inc. v. Workmen's Compensation Appeal Board*, 39 Pa.Cmwlth. 429, 395 A.2d 681 (1978) (*Inter–State Tile II*). We granted claimant's petition for allowance of appeal; we now affirm.

 Appellant argues that employer's appeal to Commonwealth Court from the Board's order remanding this matter to the referee was interlocutory, and therefore, the appeal should not have been granted. Although remand orders of the Board are interlocutory and as a general rule not appealable, three exceptions have developed,[1] as set forth in *American Can Co. v. Workmen's Compensation Appeal Board*, 37 Pa.Cmwlth. 169, 389 A.2d 263 (1978). Commonwealth Court relied upon the exception first enunciated in *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Cmwlth. 339, 301 A.2d 708 (1973), where the court stated that an appeal of a remand order should be granted when an examination of the record reveals that no conclusion other than that reached by the referee can be supported. In applying this exception to the instant case, Commonwealth Court recognized that the 1972 Amendments to Section 423 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 853, 854 [Act], imposed stricter limitations on the Board's capacity to remand cases to referees for the taking of further evidence, as interpreted in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa.Cmwlth. 352, 336 A.2d 440 (1975). We affirm the court's ratiocination that because the record in this case is complete, and because the referee made adequate findings on all crucial issues, under *Forbes, supra*, the remand order was erroneous, beyond the

1. The exceptions were developed, as a practical matter, to save litigants' time and expense. It has been Commonwealth Court's experience, however, that the effect of the exceptions has been counterproductive. For this reason, in an opinion dated May 7, 1980, Commonwealth Court held that remand orders of the Board are interlocutory and unappealable without exception. *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa.Cmwlth. 214, 414 A.2d 161 (1980).

Commonwealth Court entertained and decided the appeal from the remand order of the Board more than a year before the decision in *Murhon*. For this reason, and particularly in light of the justification for the decision in *Murhon* (a saving of time and money), we find that *Murhon* is not applicable to the instant matter. Since the Commonwealth Court decided the case on the merits in accordance with its then current rules, we see no need to disturb that decision.

Board's power and, therefore, appealable. *Inter–State Tile II*, 39 Pa.Cmwlth. at 432, note 2, 395 A.2d at 682, 683, note 2.

It is necessary, when scrutinizing past actions of the Board and the referee, to keep in mind Commonwealth Court's directive in *Inter–State Tile I.* The court found that employer had presented evidence in support of his theory of job availability. However, as it was an error of law for the referee to award partial disability compensation without entering a finding that there was work available which claimant could perform, *Freedman v. Crown Paper Board Co., supra,* the correct and only remedy was to remand. *Royal Pizza House, Inc. v. Workmen's Compensation Appeal Board,* 40 Pa.Cmwlth. 82, 396 A.2d 884 (1979); Section 419 of the Act, *as amended,* 77 P.S. § 852.

■ We reject employer's assertion that the referee had no choice but to make a finding on the issue of job availability on the previously developed record. The Board's order directed the referee to reconsider the matter, in accordance with the order of Commonwealth Court in *Inter–State Tile I* and, depending upon the adequacy of proof, to take any necessary action. We believe that Referee Noonan complied with the order.

However, we also reject claimant's allegation that the referee erred in failing to take additional evidence. In light of the court's finding in *Inter–State Tile I* that employer had already presented evidence on this issue at the first hearing, this protestation would only become pertinent in light of an assertion that the testimony had become stale or incompetent at the time of the remand hearing before Referee Noonan. A review of the record, however, reveals that such an allegation *in this case* has no merit.[2]

Referee Noonan notified counsel that he would open the record to allow both parties the opportunity to submit additional testimony. He further declared that should no

2. Procedures for review always involve the passage of time; some cases take longer than others. Appellate courts must rely upon testimony offered months before, otherwise there would be constant relitigation of issues.

testimony be presented, he would review the record intact. Claimant's attorney asserted that the issue of job availability could only be determined as of the date of the remand hearing. He stated that he *wished to stand on the previously developed record*, hoping, we assume, that the evidence presented by employer at the initial hearing on the issue of job availability would no longer be competent.

■ It is true that employer has the burden of proving the availability of work which Mr. Myers could perform. *Phila. Tramrail Co. v. Kennedy*, 18 Pa.Cmwlth. 526, 336 A.2d 924 (1975). Employer relied for proof of claimant's employability upon the testimony of Harold Kulman, a clinical psychologist of wide experience. At the time he testified, Kulman was the Director of the Vocational Research Institute at the Jewish Employment and Vocational Service. His position put him in touch with the U.S. Department of Labor in thirty–four centers throughout the United States, the Rehabilitation Service of the U.S. Department of Education, and private, non–profit agencies in approximately sixty evaluation centers throughout the country. Specifically, his job involved instructing personnel at the institute how to guide, counsel and place handicapped persons into suitable jobs.

■ After establishing his familiarity with claimant's physical condition, interests, education and employment background, Dr. Kulman described thirteen jobs in the vicinity of claimant's residence. All jobs described were entry–level positions where no previous experience was necessary. All were attuned to claimant's skill factors, previous education, and his physical limitations.

This evidence was not rebutted by the claimant. Claimant could have testified, if such were the case, that he had applied and was rejected or that he was not qualified for them. This he did not do. Since it was previously established that claimant was partially disabled and physically

capable of participating in a sedentary type of employment,[3] the only matter concerning claimant at the time of the remand hearing, and the only matter concerning us now, is the issue of job availability. We agree with employer's assertion that the only purpose of the remand directed by Commonwealth Court in *Inter–State Tile I* was to correct an error of law: the referee's failure to make an express finding on previously submitted evidence of job availability.

At the time of the remand, Section 427 of The Workmen's Compensation Act was in effect, 77 P.S. § 881.1 (current version at 42 Pa.C.S.A. § 706); Act of April 28, 1978, P.L. 202, No. 53, § 2(a)(995). Section 881.1 provided, in part, that when the court remits the record to the Board for further hearing or determination, the testimony that had already been taken was to be considered part of any further proceedings.

Neither appellant nor appellee has cited any case that raises the precise question we must now decide. Our research, too, has not revealed such a case. However, employer draws an analogy to Commonwealth Court's disposition of the controversy in *Halloran v. Workmen's Compensation Appeal Board,* 49 Pa.Cmwlth. 144, 410 A.2d 420 (1980). In July, 1975, a referee determined that Halloran was totally disabled as of May 27, 1975. The Board remanded the case to the referee for a determination of, among other things, whether work was available of the type claimant could perform. On remand, the employer offered evidence that suitable employment had been available to Halloran in 1975; he also described two jobs available at the time of the remand hearing. The court held that employer met his burden of proving the availability of jobs of the type the claimant could perform. Halloran argued that evidence of employment available in 1975 was so remote in time that it was irrelevant. The court determined however, that evidence of availability of employment was relevant as to the time that the referee found the claimant to be disabled.

**3.** *Inter–State Tile I* was not appealed; the competency of the medical testimony presented supporting the finding of partial disability is not now under attack.

In the instant case, the finding of partial disability was made in 1974. It necessarily follows, then, that evidence of available jobs of the type Mr. Myers could perform must relate to the same time period. Employer argues that the acceptance of claimant's position, that the only relevant evidence of job availability would be as of the time of remand, would deprive employer of his right to establish reduced disability payments as of 1974, the date of the initial hearing. We must agree.

Therefore, in light of the completeness of testimony presented at the initial hearing, coupled with claimant's decision not to present additional testimony at the remand hearing, we believe employer has sustained his burden of proving the availability of other employment and claimant's ability to perform the same. *Phillips v. North American Coal Co.*, 27 Pa.Cmwlth. 103, 365 A.2d 453 (1976). The fortuitous circumstance of a remand, necessitated by the failure of the referee to make a finding on the issue of job availability where testimony on the issue had been presented, will not nullify competent testimony presented in support of this crucial issue.

Order of the Commonwealth Court affirmed.