Mike Goga and Workmen's Compensation Appeal Board v. Island Creek Coal Co. and Old Republic Insurance Co., Appellants.

Submitted on briefs, March 22, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Michael D. McDowell,* with him *Hirsch, Weise & Tillman,* for appellants.

*James A. Kudasik,* with him *Kudasik & Upor,* for appellee.

OPINION BY JUDGE MENCER, July 14, 1976:

Island Creek Coal Co. (Island Creek) and its insurer filed before the Workmen's Compensation Appeal Board (Board) a petition for the termination of benefits payable to Mike Goga (Goga). A referee granted Island Creek's petition, and on appeal the Board remanded to the referee for the purpose of taking additional testimony. Island Creek has appealed the remand order to this Court. Goga has filed a motion to quash, which is the subject of this opinion.

Generally, an order of the Board remanding a case to a referee for the purpose of taking additional testimony is interlocutory and an appeal therefrom is premature. *Royal Pioneer Industries, Inc. v. Workmen's Compensation Appeal Board and Battistone,* 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). We have recognized only two exceptions to this gen-

eral rule. *See Riley Stoker Corporation v. Workmen's Compensation Appeal Board and Jeeter,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), and *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). Neither of these exceptions is relevant here.

In *Jeeter,* the appeal to the Board had been untimely filed. We therefore held that no useful purpose could be served in allowing the case to continue through the administrative process. Here there is no similar glaring procedural irregularity. Since Island Creek has in fact conceded the inapplicability of *Jeeter,* we need not further consider Goga's contentions in this regard.

In *Zindash,* we noted that, when the evidence before the Board is sufficient for it to make a decision on the merits, and when that evidence permits only one possible result, then an appeal is properly before this Court. Both parties have ably briefed the application of *Zindash* to the present case. However, the record requires us to reject any application of *Zindash* here.

At the hearing before the referee the following transpired:

"BY ATTORNEY THOMPSON:

"We'll offer into evidence as defendant's exhibit the medical report of Dr. William R. Davision dated November 29th, 1974 addressed to D. L. Rutter, Old Republic Insurance Company, Greensburg, Pa.[1]

---

[1] The letter from Dr. Davison provided:

"In reply to your recent letter regarding the above named patient, it is my opinion that as of the last examination, Mr. Goga should be able to return to work were it not for his disability in his cervical area.

"Disability regarding his cervical area, of course, was not the result of his injury of September 13, 1972. His symptoms in his cervical area came on after the injury to his back, which was the result of the injury of September 13, 1972."

"BY ATTORNEY CREANY:

"No objections.

"NO OBJECTIONS. THE MEDICAL REPORT OF WILLIAM R. DAVISON, M. D., DATED NOVEMBER 29, 1974, TAKEN INTO EVIDENCE AND MARKED AS THE DEFENDANT'S EXHIBIT NUMBER ONE.

"BY REFEREE MORACA:

"Mr. Creany, do you have anything to offer?

"BY ATTORNEY CREANY:

"No.

"BY REFEREE MORACA:

"Alright, we're going to grant the Termination Petition as of today in accordance with the medical report submitted by the defendant or Dr. Davison, which states that the disability which he claims now is to the cervical area and is not a result of the injury to the back which was the result of the injury of September the 13th, 1972 for which compensation was being paid and all compensation terminates as of today, April 8th, 1975.

"CASE CLOSED." (Footnote added.)

This is the entire record of the proceedings before the referee. On appeal, the Board concluded:

"It appears from the record that the referee conducted no hearing but granted the petition to terminate on the basis of a letter of a physician submitted into the record.

"This board has held that the employer on a petition to terminate must prove its burden at a hearing, and the granting of a petition to terminate must not be done summarily on a letter from a physician.

"We set aside the determination of the referee and remand this case to the referee for him to proceed with hearing."

We are compelled to agree with the Board's conclusion that no real hearing was held. Although we

468

do not necessarily agree that in all cases such summary procedures would constitute reversible error requiring the remanding of a case for the purpose of taking additional evidence, it is clear that here the Board's conclusion that additional testimony was needed was certainly not a decision that would invoke any of the exceptions to the general rule forbidding interlocutory appeals.[2] *See Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975). We therefore issue the following

ORDER

AND Now, this 14th day of July, 1976, the appeal of Island Creek Coal Co. and Old Republic Insurance Co. is hereby quashed, and the record is remanded to the Workmen's Compensation Appeal Board.

Judge ROGERS did not participate in the decision in this case.

---

[2] Of course, in so ruling, we do not pass upon the merits of the Board's order, the scope of eventual inquiry before the referee, or the degree to which Dr. Davison's letter meets the burden imposed upon employers in termination petition cases.