Clinton Paper Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Richard L. Powers, Respondents.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Michael Collins,* with him *Charles J. McKelvey,* and *McNerney, Page, Vanderlin & Hall,* for petitioner.

*William Kennedy,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, September 6, 1979:
Appellant-Petitioner Clinton Paper Company (Clinton) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) remanding this case to the referee "for clarification."

The only issue Clinton raises is whether the Board, erred as a matter of law in holding that the pleadings from a prior court case involving Appellee-Respondent Richard L. Powers (Powers) upon which the referee's decision was based, were not competent to support the order.[1] We find that Clinton's appeal is from an interlocutory rather than from a final order. Therefore, we quash the appeal without reaching the merits of the issue raised.

On September 19, 1972 Powers suffered a work-related injury to his back and began receiving compensation at the rate of $82.33 per week. On December 2, 1972, he was shot by one Edward Armstrong (Armstrong) while on a hunting expedition. On October 11, 1974, Powers filed suit against Armstrong in the York County Court of Common Pleas alleging, *inter alia,* that:

> As a result of the injuries received by [Powers] from the negligence of [Armstrong], [Powers] has been permanently disabled and unable to continue his usual employment to the present time, as a result of which [Powers] lost wages to date in the amount of $12,595.20 and will continue in the future to lose wages.

Following trial by jury, Powers received a judgment against Armstrong in the amount of $125,000.00, said judgment being entered on the verdict on November 18, 1975.

Powers received workmen's compensation benefits because of the work-related injury until October 22, 1974. At that time, Clinton learned of Powers' hunting accident and of his suit against Armstrong. Clinton requested that Powers sign a final settlement receipt as of December 5, 1972, but Powers refused.

---

[1] Powers has filed no brief nor did he appear for oral argument on this appeal.

Clinton then filed a petition for termination of benefits against Powers.

A hearing on Clinton's petition was held on February 17, 1977. Powers did not appear at the hearing. Clinton presented no testimony but did introduce into evidence a verified copy of Powers' complaint against Armstrong in the York County case and a copy of the jury's verdict and the motion for entry of judgment on the verdict in that case. On the basis of this evidence, the referee found that Powers' work-related disability terminated on December 2, 1972, the date of the hunting accident, and ordered that Clinton's termination petition be granted.

Powers then appealed the referee's decision to the Board alleging that he received no notice of the petition for termination or of the hearing,[2] that he was not totally disabled because of the gun shot wound, that he remained totally disabled because of the work-related injury, and that his work-related and hunting accident injuries were totally separate and distinct. The Board held that there was insufficient evidence on the record to support the referee's decision that Powers' work-related disability had terminated on December 2, 1972. The Board remanded the case to the referee for the taking of further testimony and the receipt of further evidence going to the issue of whether Powers' work-related injury had terminated.

Generally, an order of the Board remanding a case to a referee for the taking of additional testimony is interlocutory and an appeal therefrom is premature. *See, e.g., Norato v. Tasty Cake Baking Co.*, 27 Pa. Commonwealth Ct. 309, 310-311, 366 A.2d 1290, 1291 (1976); *Royal Pioneer Ind., Inc. v. Workmen's Com-*

---

[2] As the Board noted, the questions of whether Powers received notice and the reasons for his nonappearance should be subject to proof on remand.

*pensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 133-34, 309 A.2d 831, 832 (1973). In only a few instances will such an order be appealable. *See Flynn v. Asten Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978); *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973); *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). None of these exceptions applies here.

We find the facts of the case before us to be directly in point with those of *Goga v. Island Creek Coal Co.,* 25 Pa. Commonwealth Ct. 464, 360 A.2d 313 (1976). There, the company filed a petition for termination of benefits. At the hearing on the petition, the only evidence presented was a letter from the claimant's physician stating that but for a disability in the cervical area claimant could return to work and that claimant's disability was not the result of a work-related injury. The referee granted the termination petition. On appeal, the Board remanded the case for the taking of additional testimony. This Court quashed the company's appeal from the Board's order.

Our review of the facts of the case before us and the law applicable to it leads us to the same conclusion as that reached in *Goga v. Island Creek Coal Co., supra.* Clinton's appeal, therefore, is quashed and this case is remanded for proceedings consistent with the order of the Workmen's Compensation Appeal Board.[3]

---

[3] Our review here is limited to whether Clinton's appeal from the Board's order was proper. We express no opinion concerning the propriety of the remand, itself, or the scope of the proceedings following remand. We hold only that the Board in entering its remand order did not so clearly and undeniably err that we are compelled to

ORDER

AND Now, this 6th day of September, 1979, the appeal of Clinton Paper Co., Inc., from the Order of the Workmen's Compensation Appeal Board at A-72955 dated September 30, 1977, is quashed and this case is remanded for proceedings consistent with that Order.

review the order on appeal. *See Neville Cement Products Co. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 79, 81, 394 A.2d 1087, 1088 (1978) ; *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board, supra*, 11 Pa. Commonwealth Ct. at 135, 309 A.2d at 833.